UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    EDCV 07-01309-SGL (JCRx)                                             Date: May 23, 2008

Title:     UNITED STATES OF AMERICA -v- HARVEY DURO, SR. and DESERT MOBILEHOME PARK, INC., a California corporation
===============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

       Jim Holmes                                               None Present
       Courtroom Deputy                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                        None present

PROCEEDINGS:     MINUTE ORDER (IN CHAMBERS)

     Pursuant to the Court's order appointing Special Masters and a Provisional Receiver (collectively, the "Study Group"), dated February 11, 2008, in which the Court ordered that said Study Group shall be paid their costs and reasonable fees for their services pursuant to the Court's order; the Court's clarification on the record at the hearing on that same date in which the Court ordered that defendants Harvey Duro, Sr., and Desert Mobilehome Park, Inc., ("defendants") shall be responsible for said costs and fees; and the Court's May 1, 2008, order in which the Court ordered that parties to submit any objections to the reasonableness of the expenses incurred by the Study Group on or before May 15, 2008, the Court makes following findings:

    1.    No objections to the reasonableness of the expenses incurred by the Study Group have been timely filed by counsel for either the government or the intervenors.

    2.    Having fully reviewed and considered the "conditional" objections to the reasonableness of said expenses submitted by counsel for defendants, the Court OVERRULES said objections.  Defendants' objections to inspections and repairs to the electrical and plumbing systems of individual trailers is not well taken given the manner in which the infrastructure and various systems at the mobilehome park, and

MINUTES FORM 90                                                              Initials of Deputy Clerk __jh_____
CIVIL -- GEN

the dangers to health and safety by said infrastructure and various systems, are inextricably intertwined.  Moreover, the Court finds that the Receiver's action to address the sewage system, pressing security concerns including drug usage, and other matters as set forth in the reports constitute reasonable exercises of the authority and discretion vested by the Court.  In addition, the objections to meetings involving Mr. Shine at which other trailer parks were discussed are overruled based on the Court's understanding that such information provided needed background for the Study Group and were useful in planning various alternatives, including potential short-term relocation facilities.  Also, the Court's findings of the reasonableness of the fees submitted and expenses incurred is further underscored by the Court's understanding that all three principals – Ambassador Prosper, Mr. Shine, and Mr. Adams – charged less than their usual and customary hourly rates and/or have discounted the number of hours actually expended on this project.  Finally, the Court has made certain minimal further reductions the amounts claimed by each of the members of the Study Group, said deductions totaling $3,015.05.

Accordingly, consistent with the orders and findings set forth above, defendants Harvey Duro, Sr., and Desert Mobilehome Park, Inc., are ORDERED, jointly and severally, to pay the Study Group, and provide proof of such payment to the Court, on or before July 1, 2008, as follows:

| | |
|---|---|
| Ambassador Pierre-Richard Prosper: | $62,000 |
| Jack Shine: | $36,000 |
| Mark Adams (including costs and fees related to receivership as well as emergency repairs related to imminent threats to health and safety): | $122,000 |

The Court also understands, pursuant to a report by Mr. Adams, that defendant Desert Mobilehome Park, Inc., entered into an agreement to pay Brown and Caldwell $40,000 (of which $20,000 has reportedly been paid) for its environmental report and that defendant Desert Mobilehome park, Inc., similarly entered into an agreement to pay Bower Security $47,000 for security that has not been paid.  Mr. Adams indicated to the Court that he did not include this in his request for payment and does not consider this "a receivership expense per se," but he does believe that defendant Desert Mobilehome Park, Inc., should be obligated to pay said debts.  Moreover, because of it relation to the partial equitable relief granted by this Court in this case, this Court affords leave to both Brown and Caldwell as well as Bower Security to seek an appropriate order from this Court requiring such payment.

The Court has also considered defendants' general objections raised to the appointment of the Special Masters and Provisional Receiver (Defendants' Objections at 9), but finds those

EDCV 07-01309-SGL (JCRx)
UNITED STATES OF AMERICA v HARVEY DURO, SR. and DESERT MOBILEHOME PARK, INC., a California corporation
MINUTE ORDER of December 19, 2007

objections, being lodged <u>after</u> the completion of the work of the Study Group, as untimely and therefore waived.

    IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

Initials of Deputy Clerk __jh_____