ARTURO RODRIGUEZ, SBN 116541
MEGAN BEAMAN CARLSON, SBN 261539
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
P.O. Box 35/1460 Sixth Street
Coachella, CA  92236
Tel:  (760) 398-7261
Fax: (760) 398-1050
arrodriguez@crla.org

ILENE J. JACOBS, SBN 126812
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
511 "D" Street, P.O. Box 2600
Marysville, CA 95901
Tel: (530) 742-7235
Fax: (530 )741-0854
ijacobs@crla.org

Additional Counsel Listed on Second Page

Attorneys for Interveners/Defendants CRUZ NAVARRO, DELFINA OCHOA and ORBELINA ESCOBAR

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>HARVEY DURO, SR.; et al.,<br><br>        Defendants<br>_____<br>CRUZ NAVARRO, DELFINA OCHOA<br>PEDRO LOPEZ and ORBELINA ESCOBAR,<br>        Interveners/Defendants.<br>_____ | CASE NO.  EDCV 07-1309 SGL (OPx)<br><br>**INTERVENERS' RESPONSE TO MARK ADAMS' APPLICATION FOR AN ORDER DIRECTING REIBMURSEMENT OF RECEIVERSHIP ADVANCES AND EXPENSES**<br><br>Hearing Date: July 6, 2009<br>Courtroom: One<br>Hon. Stephen G. Larson |

CHANDRA GEHRI SPENCER, SBN 184010
A Professional Law Corporation
445 S. Figueroa Street, Suite 2700
Los Angeles, CA 90071
Tel: (213) 489-6826
Fax: (818) 597-3288
cgs@cgslaw.com

Pursuant to this Court's minute order of June 1, 2009, Interveners' submit this Response to Mark Adams' Application for an Order Directing Reimbusement of Receivership Advances and Expenses filed on May 8, 2009 as supplemented by the Final Accounting of Duroville Renaissance Corp. filed on May 27, 2009.

Interveners raise two general objections to the May 8th Application. First, Mr. Adams' time records attached as Exhibit 1 to the May 8th Application do not provide a detailed accounting of his time sufficient to enable Interveners to make specific objections to most of the individual time entries. For example, the entries for January 23, 2009 and January 24, 2009 state "Property site management." The entry for January 23rd seeks a reimbursement of $3,150.00 and the entry for January 24th an additional sum of $2,100.00. In total, Mr. Adams' requests payment of $5,250.00 for these two days for "Property site management" without providing details of the work that Mr. Adams allegedly performed. These are but two examples of numerous time entries which provide no explanation of the actual work performed by Mr. Adams.

A second general objection to the May 8th Application is based on Mr. Adams' failure to include time records for the period of May 1, 2008 through and including May 23, 2008. The time records attached as Exhibit 1 start with an entry of May 24, 2008. On May 14, 2009, Interveners filed an Objection to the Court's Order directing that payment of all interest on the CDFI loan(s) or line(s) of credit totalling the sum of $220,000 from park rental proceeds. The Objection was based on the fact that only approximately $150,000 of the CDFI obligation had been used to pay the Court approved fees and expenses of the Study Group.[1] In his May 8th Application, Mr.

---

1/
On May 23, 2008, the Court, *sua sponte*, issued a minute order, ordering payment to
(continued...)

Adams provides the following explanation for the use of the remaining CDFI loan funds:

> I am advised that an objection has been made to me being reimbursed for interest on approximately $52,000 which I drew down on the CDFI line to reimburse myself for billed but not yet court-approved time from May 23, 2008 onward.  The objection is not well-founded since, as can be seen in Exhibit 2, by June 30, 2008 I was owed $23,537.50 in billed time and $7,671.25 in personal funds advanced for a total of $31,208.75.  The receivership should be responsible for that interest.  (Application for Order Directing Reimbursement of Receivership Advances and Expenses and Declaration of Mark Adams filed with the Court on May 8, 2009, at page 2, lines 24-26; page 3, lines 1-3.)

Interveners can only surmise that Mr. Adams' failure to provide time records for the May 1st through May 23rd period is due to the fact that Mr. Adams has received payment for this period from the CDFI loan proceeds.  In any event, this point needs

---

1/(...continued)
the Study Group as follows:

> Accordingly, consistent with the orders and findings set forth above, defendants Harvey Duro, Sr. and Desert Mobilehome Park, Inc are ORDERED, jointly and severally, to pay the Study Group, and to provide proof of such payment to the Court, on or before July 1, 2008, as follows:

| | |
|---|---|
| Ambassador Pierre-Richard Prosper: | $62,000 |
| Jack Shine: | $36,000 |
| Mark Adams (including costs and fees related to receivership as well as emergency repairs related to imminent threats to health and safety): | $122,000 |

The May 23rd Order appears to be the only Court Order approving fees and expenses to Mr. Adams in the course of this litigation.

clarification, particularly in light of Mr. Adams' assertion that the funds were used "to reimburse myself for billed but not yet court-approved time from May 23, 2008 onward." If this is indeed how the funds were used, it follows that Mr. Adams has paid himself for work for which he is now claiming reimbursement by his May 8th Application.

There are four specific time periods in the litigation which Interveners believe controls Mr. Adams' request for fees and expenses.

First, from February 11, 2008 through and including April 30, 2008, Mr. Adams served as the Court's Provisional Receiver. Pursuant to the Court's Order of May 23, 2008, the Court ordered that Mr. Adams be paid the sum of $122,000, which sum included "costs and fees related to receivership as well as emergency repairs related to imminent threats to health and safety." Mr. Adams' May 8th Application makes no further claims for fees and expenses for this time period.

Second, on May 1, 2008, the Court issued its Order granting Plaintiff's request for a preliminary injunction. In relevant part, the Order required:

Establishment of a professional management team that has day-to-day operational control of the mobilehome park, including maintenance, supervision, financial management, eviction procedures, and security. Defendants shall submit a memorandum of understanding setting forth the membership of the property management team and their respective responsibilities for Court approval. The professional management team shall be created with a view towards satisfying any funding requirements. Defendant Harvey Duro, Sr., as the Tribal allottee, shall approve of the composition of the professional management team, shall serve as a principal member of the

professsional management team, and shall receive reasonable compensation (which may be deferred by agreement.)   Finally, the memorandum of understanding must have a sunset provision tied to the satisfaction of any loans whereby operational control of the mobile park reverts to defendants.  (Page 3, Paragraph 3, Court Minute Order, May 1, 2008.)

The Order of May 1, 2008, controls the time period from May 1, 2008 through June 30, 2008.  Interveners could find no record of a Court approved Memorandum of Understanding as required by the Court for the establishment of the professional management team.   Absent a Court approved Memorandum of Understanding, Interveners can find no basis for this Court to order fees and expenses to Mr. Adams from May 1, 2008 through and including June 30, 2008.[2]

The third time period is from July 1, 2008 through and including January 13, 2009.  This Court's Order of June 25, 2008 provided in relevant part:

The Duroville Renaissance Corporation ("DRC"), a California not-for-profit public benefit corporation, through its designated agent Thomas J. Flynn, shall assume control as property manager of the Desert Mobilehome Park, Inc. (also known as Duroville), with exclusive authority to control the property, books, records, rent receipts, and finances thereof, for the period July 1, 2008, through August 31, 2008.  The property management fee is fixed at $15,000 per month. The first month's payment shall accrue on July 1; the second month's payment

---

[2]
Attached as Exhibit 1 to this Response is a chronological breakdown of Mr. Adams' time records which were  attached as Exhibit 1 to his May 8th Application.  For the abbreviated period of May 24, 2008 through May 31, 2008 Mr. Adams seeks $4,550.00 in compensation.  For the month of June 2008, Mr. Adams is requesting the sum of $18,987.50.

shall accrue on August 1.[3]

There are two important points to be made from this provision of the June 25, 2008 Order. First, although the Court appointed the Duroville Renaissance Corporation (DRC) as the property manager pursuant to the Stipulation of the parties, it is clear that the parties and the Court contemplated that the primary responsibilities for managing Duroville were placed with Thomas J. Flynn. Secondly, the Court fixed the fees to DRC at $15,000.00 per month.

Mr. Adams' request for fees and expenses for the period of July 1, 2008 through and including January 13, 2009 should be denied in its entirety as untimely and unauthorized by the Court. DRC, through its designated agent Thomas J. Flynn, was specifically designated as the property manager for this time period. Fees and expenses incurred by Mr. Adams during this time period would have had to have been authorized and approved by Mr. Flynn. Accountings which were submitted to the Court by DRC did not include or disclose the additional fees and expenses now being claimed by Mr. Adams. Therefore, the Parties to the litigation did not have the opportunity to timely review and oppose these fees and expenses. In essence, the Interveners and the other Parties to the action were misled into believing that DRC was in compliance with the Court's directive that management fees to DRC be limited to $15,000.00 per month and given no basis to object until the submission of Mr. Adams' May 8th Application.

For example, the Final Accounting of Duroville Renaissance Corp. filed on May

---

[3]/
The Court ordered property management agreement was continued through January 13, 2009 at which time the Court appointed DRC as its Receiver pending the conclusion of the trial in the matter. Interveners did not find any changes to this provision either adding individual responsibilites for Mark Adams as a principal or changing the $15,000 property management fee.

27, 2009 provides the following information.  For the 12 month period of May 2008 through April 2009, management fees of $120,000 were paid to Thomas J. Flynn.  On average, Mr. Flynn drew $10,000.00 per month.[4]  For July of 2008, Mr. Flynn drew $7,500.00.  For July of 2008, Mr. Adams is seeking additional fees and expenses of $15,662.50. This would raise the total for July of 2008 to $23,162.50 for management fees.  In August of 2008, Mr. Flynn drew $11,250.00 in management fees.  Mr. Adams is requesting an additional $22,575.00 which would bring the total for August of 2008 to $33,825.00.  In September of 2008, Mr. Flynn drew the fully authorized $15,000.00. Mr. Adams is seeking an additional $16,187.50 for September bringing the monthly total for that month $31,187.50.  For the month of October Mr. Flynn drew $3,750.00 and Mr. Adams is seeking an additional $23,012.50; for November, Mr. Flynn drew $3,750.00 and Mr. Adams is seeking an additional $10,325.00; for December of 2008, Mr. Flynn drew $11,250 and Mr. Adams is seeking an additional $10,325.00; for January 6 through January 13, 2009, Mr. Flynn drew $3,750.00 and Mr. Adams is seeking an additional $10,762.50.   (For sums paid to Mr. Flynn, see Exhibit 1, at pages 22 and 23 to Final Accounting.  For Mr. Adams' monthly request for fees, see Exhibit 1 attached to this Response.)  It is self-evident that the Parties would have raised objections and concerns had they been dutifully and timely informed that DRC would claim management fees of $23,162.50 for July 2008, $33,825.00 for August and $31,817.50 for September of 2008 in the Court mandated accountings.

---

4/
It should be noted that Mr. Flynn was apparently paid a total of $30,000 in management fees for the period of May 1, 2008 through June 30, 2008, the period during which no memorandum of understanding had been approved by the Court nor a management fee arrangment.  As previously noted, Mr. Adams is seeking additonal fees from May 24, 2008 through May 31, 2008 of $4,550.00 and the sum of  $18,987.50 for June 2008.

As previously stated, Interveners object to Mr. Adams' request for fees for the period of July 1, 2008 through and including January 13, 2009 on the grounds that they are untimely and unauthorized. Should the Court consider granting fees and expenses for this time period, Interveners request that such an award include only those fees and expenses which the Court deems absolutely necessary but in no event should any additional fees and expenses result in a total monthly award to DRC, Thomas J. Flynn and Mark Adams in excess of the $15,000.00 monthly cap authorized by the Court. For the period of January 1, 2009 through and including January 13, 2009, the total monthly award to DRC, Thomas J. Flynn and Mark Adams should not exceed the sum of $7,500.00 for the time period.

On February 19, 2009, the Court issued its Order holding in part:

Upon consideration of the parties' various recommendations for appointment of a Receiver, the Court appoints Duroville Renaissance Corporation ("DRC"), primarily through the Duroville Property Manager Thomas J. Flynn and its counsel Mark Adams, as the Receiver in this action. Absent further order of this Court, the term of this appointment shall commence, nunc pro tunc, from January 14, 2009, and extend until the issuance of this Court's decision following the completion of the trial, presently scheduled to begin April 7, 2009, at 9:30 a.m. (Court Minute Order, February 19, 2009.)

The appointment of DRC as the Court's Receiver, primarily through Duroville Property Manager Thomas J. Flynn and its counsel Mark Adams, was made retroactive to January 14, 2009. As such, the fourth relevant time period to be considered in Mr. Adams' request for fees and expenses encompasses the time period of January 14, 2009 through and including April 30, 2009 at which time the Court appointed Thomas

J. Flynn as its Receiver for the next two years and relieved DRC and Mr. Adams of the obligation.

Interveners will leave any award of fees and expenses to Mr. Adams for this time period to the sound discretion of the Court. However, Interveners would make the following observations and recommendations. First, Interveners would note that Mr. Flynn continued as the on site property manager during this time period. Interveners believe that Mr. Flynn was primarily responsible for the day to day management of the park and bore the major share of the burden of managing the park pending the outcome of the Court trial in April of 2009. Mr. Adams' appointment as DRC's "counsel" would seem to indicate that Mr. Adams role in the Receivership was to provide ancillary and limited support to Mr. Flynn in Mr. Adams' capacity as an attorney.

Secondly, Interveners note that Mr. Flynn was compensated for his work from January 14, 2009 through April 30, 2009 in sum total of $33,750.00. For the same period of time, Mr. Adams is requesting the sum of $91,915.83. As Interveners have previously noted, Mr. Adams time records do not provide sufficient information for Interveners to make meaningful objections as to the "reasonableness" of most entries. Two examples previously cited are entries for January 23, 2009 and January 24, 2009 which simply state "Property site management." The entry for January 23rd seeks a reimbursement of $3,150.00 and the entry for January 24th an additional sum of $2,100.00. On their face, these two entries (and many others) do not appear to be "reasonable" expenses. Another such example is an entry for March 17, 2009 which is simply labeled "Hearing preparation" for which Mr. Adams is seeking $4,550.00. Yet another example, dated March 25, 2009 labeled only as "To Duroville re: arson matter" seeking compensation for $3,850.00. The vast majority of the entries from

January 14, 2009 through April 30, 2009 do not provide a sufficient description for Interveners to make meaningful objections as to whether they are reasonable fees which should be compensated, especially if Mr. Adams' role was intended by the court to serve as ancillary legal support for Mr. Flynn.

Lastly, included in the $91,915.83 request for fees and expenses is the sum of $30,975.00 which Mr. Adams is claiming for his attendance at the trial on this matter. To our knowledge, Mr. Adams was not subpoenaed by any of the Parties.  If he was, Mr. Adams should seek reimbursement for his attendance at the trial from said Party and the Court should deny this excessive and unreasonable request for compensation in its entirety.

### CONCLUSION

Interveners request that the Court:

1. Instruct Mr. Adams to account for the $70,000 in CDFI loan proceeds which Mr. Adams withheld and subsequently used at least $52,000.00 to pay himself for fees and expenses allegedly incurred but which have not been approved by the Court;

2. Provide time records for the period of May 1, 2008 through and including May 23, 2008 which are necessary to determine if any of the CDFI loan proceeds were used for payment during this time period;

3. Deny Mr. Adams' claim for fees and expenses from May 1, 2008 through and including June 30, 2008 as unauthorized and untimely;

5. Deny Mr. Adams' claim for fees and expenses for the period of July 1, 2008 through and including January 13, 2008 as untimely and unauthorized; or in the

alternative, limit such recovery only to the extent that the monthly requests for fees and expenses reflect payments already made to Mr. Flynn and such total fees and expenses to both Mr. Flynn and Mr. Adams do not exceed the total authorized by the Court of $15,000.00 per month;

6. Limit recovery of Mr. Adams' claim for fees for the period of January 14, 2009 through and including April 30, 2009 only to those fees and expenses which the Court deems "reasonable and necessary" and only after Mr. Adams provides detailed time records for the period of January 14, 2009 through and including April 30, 2009.


Dated: June 15, 2009

                    Respectfully Submitted:

                    CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
                        Arturo Rodriguez
                        Ilene J. Jacobs

                    CHANDRA GEHRI SPENCER
                      A Professional Law Corporation

                    By:   ARTURO RODRIGUEZ
                       Attorneys for INTERVENERS

# EXHIBIT 1

## DECLARATION OF JACALYN G. BOYCE

I, Jacalyn G. Boyce, declare:

1. I am over the age of eighteen and not a party to this action. If called as a witness in a court of law, I would testify from my own knowledge as to the following facts.

2. I will be a second year law student at Tulane University Law School in New Orleans, Lousiana in the Fall of 2009. I have successfully completed my first year of law school.

3. I was a double major at the University of Pittsburgh in both Political Science and Anthropology.

4. I was hired by California Rural Legal Assistance (CRLA) as a law clerk for the Summer of 2009 to work in its office in Coachella, California.

5. I was instructed by Arturo Rodriguez, the Directing Attorney at CRLA, Coachella Office to review Exhibit 1 to the Application for an Order Directing Reimbursement of Receivership Advances and Expenses filed by Mark Adams on May 8, 2009 and compile a chronological summary of the time records contained in Exhibit 1. I worked under the direct supervision of Mr. Rodriguez in completing this assignment.

6. I faithfully and accurately complied with Mr. Rodriguez' assignment to the best of my abilities. Attached hereto is a complete and correct summary of Mr. Adams' time records.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 15th day of June 2009 at Coachella, California.

Jacalyn G. Boyce, Declarant

## Mark Adams Billing
### (Itemized by date)

| Date | Name | Memo/Description | Category | Amount |
|---|---|---|---|---|
| SUBTOTAL (Prior to May 1, 2008) | | | | 0.00 |
| 5/24/2008 | DRC | Draft operating lease | 1 | 1,050.00 |
| 5/26/2008 | DRC | Review lease and forward to Zundel | 1 | 262.50 |
| 5/26/2008 | DRC | Rent roll analysis | 2 | 350.00 |
| 5/28/2008 | DRC | Follow-up re: insurance with M. Checca | 2 | 262.50 |
| 5/31/2008 | DRC | Prepare 6/1 report | 3 | 2,625.00 |
| **May 2008 Total** | | | | **4,550.00** |
| 6/1/2008 | DRC | Prepare report, telephone call T. Flynn | 3 | 1,225.00 |
| 6/2/2008 | DRC | Report preparation. | 3 | 1,050.00 |
| 6/2/2008 | DRC | Follow up to reports. | 3 | 525.00 |
| 6/2/2008 | DRC | Follow up to report. | 3 | 262.50 |
| 6/2/2008 | DRC | Emails re: report | 3 | 262.50 |
| 6/3/2008 | DRC | Follow up to 6/1 report | 3 | 700.00 |
| 6/6/2008 | DRC | Misc re Duro laying off employees | 2 | 437.50 |
| 6/6/2008 | DRC | Emails and follow up re 6/1/08 compliance report | 3 | 262.50 |
| 6/6/2008 | DRC | Miscellaneous re 6/1 compliance report | 3 | 350.00 |
| 6/9/2008 | DRC | Torres letter re Duro and lease | 1 | 525.00 |
| 6/9/2008 | DRC | Follow up to Torres letter | 1 | 262.50 |
| 6/9/2008 | DRC | Follow up to Torres letter | 1 | 175.00 |
| 6/9/2008 | DRC | Telephone call C. Spencer and follow up re: closure | 7 | 350.00 |
| 6/10/2008 | DRC | Telephone call re Duro termination and follow up | 1 | 175.00 |
| 6/10/2008 | DRC | Misc. follow up | 8 | 350.00 |
| 6/11/2008 | DRC | Misc. re: 7/1/hearing | 3 | 350.00 |
| 6/13/2008 | DRC | Follow up re: meeting of Shine and Flynn | 8 | 262.50 |
| 6/13/2008 | DRC | Emails re property management issues | 2 | 350.00 |
| 6/13/2008 | DRC | J. Shine & T. Flynn meeting | 6 | 875.00 |
| 6/16/2008 | DRC | Housing review community meeting | 4 | 1,225.00 |
| 6/16/2008 | DRC | Duro meeting and follow up | 7 | 1,750.00 |
| 6/17/2008 | DRC | Travel to/from Duroville | 2 | 875.00 |
| 6/18/2008 | DRC | Respond to Government comments | 3 | 175.00 |
| 6/18/2008 | DRC | Telephone call T. Flynn and follow up | 7 | 262.50 |
| 6/18/2008 | DRC | Follow up telephone conference with C. Spencer and Arturo | 7 | 350.00 |
| 6/20/2008 | DRC | Prepare Declaration | 1 | 1,050.00 |
| 6/20/2008 | DRC | Finish Declaration | 1 | 175.00 |

1

**Mark Adams Billing**
**(Itemized by date)**

| Date | | Description | | Amount |
|---|---|---|---|---|
| 6/21/2008 | DRC | Telephone call T. Flynn, email S. Larson | 7 | 700.00 |
| 6/23/2008 | DRC | Follow up re: mediation | 1 | 175.00 |
| 6/24/2008 | DRC | Duroville Mediation | 1 | 3,500.00 |
| **June 2008 Total** | | | | **18,987.50** |
| 7/2/2008 | DRC | Run May accounting and telephone call E. Weinstein | 5 | 87.50 |
| 7/3/2008 | DRC | Telephone call T. Flynn and Christy Olendorff re: financing | 5 | 525.00 |
| 7/6/2008 | DRC | Meeting with T. Flynn | 2 | 875.00 |
| 7/7/2008 | DRC | Rent roll analysis | 2 | 875.00 |
| 7/7/2008 | DRC | Follow up with T. Flynn re: August 1st report | 2 | 262.50 |
| 7/12/2008 | DRC | Meeting with T. Flynn | 3 | 1,050.00 |
| 7/12/2008 | DRC | Travel to Duroville | 2 | 875.00 |
| 7/15/2008 | DRC | Meeting with Flynn, Aragon and Levine | 2 | 525.00 |
| 7/15/2008 | DRC | Meeting with Flynn, Aragon & Levine | 6 | 1,225.00 |
| 7/16/2008 | DRC | Property Tour | 2 | 525.00 |
| 7/16/2008 | DRC | Miscellaneous property mgmt and return to LA | 2 | 525.00 |
| 7/16/2008 | DRC | Meeting with Flynn and Aragon | 6 | 1,050.00 |
| 7/19/2008 | DRC | CDFI Loan application | 6 | 437.50 |
| 7/20/2008 | DRC | Financial analysis for CDFI | 5 | 700.00 |
| 7/21/2008 | DRC | Flynn meeting | 5 | 875.00 |
| 7/21/2008 | DRC | CDFI loan application work | 2 | 437.50 |
| 7/23/2008 | DRC | Follow re: CDFI loan application | 5 | 700.00 |
| 7/24/2008 | DRC | Telephone call Flynn | 5 | 525.00 |
| 7/25/2008 | DRC | Revise draft opening agreement | 5 | 262.50 |
| 7/25/2008 | DRC | Misc re: hearing | 1 | 525.00 |
| 7/25/2008 | DRC | Follow up re: hearing | 3 | 262.50 |
| 7/25/2008 | DRC | Follow up CDFI loan application | 5 | 87.50 |
| 7/27/2008 | DRC | Follow up re: report preparation | 5 | 350.00 |
| 7/28/2008 | DRC | Telephone call Flynn and follow up re: report | 3 | 262.50 |
| 7/28/2008 | DRC | Telephone call Flynn and follow up | 3 | 525.00 |
| 7/29/2008 | DRC | Telephone call Kristy re: loan and follow up | 5 | 525.00 |
| 7/30/2008 | DRC | Review Flynn Draft | 3 | 175.00 |
| 7/31/2008 | DRC | Miscellaneous re: hearing | 3 | 787.50 |
| 7/31/2008 | DRC | Report preparation | 3 | 350.00 |
| **July 2008 Total** | | | | **15,662.50** |
| 8/1/2008 | DRC | Report preparation | 3 | 700.00 |
| 8/1/2008 | DRC | Hearing preparation | 3 | 1,050.00 |

**Mark Adams Billing**
**(Itemized by date)**

| Date | | Description | | Amount |
|---|---|---|---|---|
| 8/2/2008 | DRC | Report preparation | 3 | 2,800.00 |
| 8/3/2008 | DRC | Hearing preparation | 3 | 525.00 |
| 8/4/2008 | DRC | Court hearing & meeting & travel | 3 | 3,500.00 |
| 8/5/2008 | DRC | Follow up to hearing | 3 | 175.00 |
| 8/5/2008 | DRC | File review & scheduling | 8 | 87.50 |
| 8/8/2008 | DRC | Telephone call Friedman re: bankruptcy | 1 | 437.50 |
| 8/8/2008 | DRC | Meeting with Flynn & Victoria | 3 | 1,050.00 |
| 8/9/2008 | DRC | Website memo & follow up | 8 | 262.50 |
| 8/12/2008 | DRC | Telephone call Chandra | 7 | 350.00 |
| 8/14/2008 | DRC | Telephone call Judge Larson | 7 | 262.50 |
| 8/15/2008 | DRC | Misc follow up re: 8/4 Report | 3 | 525.00 |
| 8/15/2008 | DRC | Arrange meetings | 8 | 175.00 |
| 8/17/2008 | DRC | Misc follow up re: property management | 2 | 525.00 |
| 8/18/2008 | DRC | Follow up re: property management meeting | 2 | 350.00 |
| 8/19/2008 | DRC | Meeting with Notts | 6 | 700.00 |
| 8/20/2008 | DRC | Misc. re: conference call | 7 | 350.00 |
| 8/22/2008 | DRC | Report preparation | 3 | 700.00 |
| 8/22/2008 | DRC | USA & CDFI meeting | 7 | 1,400.00 |
| 8/23/2008 | DRC | Follow up re: electricity | 2 | 437.50 |
| 8/23/2008 | DRC | Follow up re: Judge conference call | 7 | 175.00 |
| 8/26/2008 | DRC | T Flynn property management meeting and f/u | 2 | 1,750.00 |
| 8/28/2008 | DRC | Email re: electricity | 2 | 700.00 |
| 8/28/2008 | DRC | Follow up re: electricity | 2 | 700.00 |
| 8/29/2008 | DRC | Misc Follow up re: 8/22 Report | 3 | 262.50 |
| 8/29/2008 | DRC | Telephone call Bruce Nott and follow up | 6 | 875.00 |
| 8/31/2008 | DRC | To Mecca for Nott meeting | 6 | 700.00 |
| | | | | 1,750.00 |
| **August 2008 Total** | | | | **22,575.00** |
| 9/3/2008 | DRC | Telephone call T Flynn | 2 | 175.00 |
| 9/3/2008 | DRC | Telephone call Bruce Nott | 6 | 262.50 |
| 9/3/2008 | DRC | Telephone call with Judge Larson | 7 | 262.50 |
| 9/3/2008 | DRC | Larson call and follow up | 7 | 700.00 |
| 9/4/2008 | DRC | To Mecca and Ray Torres Meeting | 6 | 1,400.00 |
| 9/5/2008 | DRC | f/u to Torrest meeting and travel | 6 | 875.00 |
| 9/6/2008 | DRC | Hearing preparation | 3 | 700.00 |
| 9/7/2008 | DRC | Hearing preparation | 3 | 700.00 |

3

# Mark Adams Billing
## (Itemized by date)

| Date | | Description | | Amount |
|------|------|-------------|---|--------|
| 9/8/2008 | DRC | Meeting with Aragon, Flynn, Hurley & Hernandez | 2 | 525.00 |
| 9/8/2008 | DRC | Travel to court | 3 | 437.50 |
| 9/8/2008 | DRC | Hearing preparation | 3 | 525.00 |
| 9/8/2008 | DRC | Hearing | 3 | 525.00 |
| 9/8/2008 | DRC | Hearing f/u and travel | 3 | 1,050.00 |
| 9/9/2008 | DRC | Follow up to court hearing | 3 | 525.00 |
| 9/11/2008 | DRC | Meeting with Bureau Of Indian Affairs | 6 | 700.00 |
| 9/16/2008 | DRC | Nott/CDFI meeting | 6 | 2,100.00 |
| 9/17/2008 | DRC | Misc follow up re: hearing | 3 | 1,225.00 |
| 9/19/2008 | DRC | Travel, telephone call with Fletcher & telephone call with Arturro | 6 | 700.00 |
| 9/24/2008 | DRC | Meeting with Judge Larson and travel | 6 | 875.00 |
| 9/26/2008 | DRC | Telephone call with Canyon Bank and follow up | 7 | 1,750.00 |
| 9/30/2008 | DRC | Follow up re: Canyon Bank | 5 | 525.00 |
| | | | 5 | 175.00 |
| **September 2008 Total** | | | | **16,187.50** |
| 10/1/2008 | DRC | Hearing preparation | 3 | 700.00 |
| 10/2/2008 | DRC | Hearing preparation | 3 | 525.00 |
| 10/5/2008 | DRC | Hearing | 3 | 525.00 |
| 10/6/2008 | DRC | Hearing | 3 | 1,750.00 |
| 10/7/2008 | DRC | Telephone call with B. Nott re: court hearing | 3 | 2,450.00 |
| 10/10/2008 | DRC | Misc re: utilities | 6 | 437.50 |
| 10/11/2008 | DRC | Flynn meeting re: stolen rents | 2 | 700.00 |
| 10/11/2008 | DRC | Follow up re: Canyon Bank loan | 2 | 525.00 |
| 10/13/2008 | DRC | Meeting with T. Flynn | 5 | 350.00 |
| 10/13/2008 | DRC | Telephone call with C. Hilton and f/u | 2 | 350.00 |
| 10/13/2008 | DRC | Follow up re: Imperial Irrigation District | 2 | 350.00 |
| 10/13/2008 | DRC | Desert Mobile Home Park info to US Attorney | 2 | 525.00 |
| 10/14/2008 | DRC | Commercial tenant memo | 7 | 175.00 |
| 10/14/2008 | DRC | Meeting with T Flynn | 2 | 175.00 |
| 10/14/2008 | DRC | Torres Martinez letter of intent | 2 | 350.00 |
| 10/16/2008 | DRC | Misc re: report preparation | 6 | 175.00 |
| 10/17/2008 | DRC | Follow up re: utilities shutoff | 3 | 262.50 |
| 10/17/2008 | DRC | Follow up re: 11/3 hearing | 2 | 350.00 |
| 10/22/2008 | DRC | Response to operating lease memo | 2 | 350.00 |
| 10/22/2008 | DRC | Legal research re: operating lease | 1 | 525.00 |
| 10/22/2008 | DRC | Telephone call with T Flynn and follow up re: Wilson meeting | 1 | 700.00 |
| | | | 6 | 87.50 |

**Mark Adams Billing**
**(Itemized by date)**

| Date | | Description | | Amount |
|------|---|-------------|---|-------:|
| 10/22/2008 | DRC | Emails to Zundel, etc. | 7 | 175.00 |
| 10/23/2008 | DRC | Travel to Duroville | 2 | 1,050.00 |
| 10/24/2008 | DRC | Property management at Park | 2 | 1,575.00 |
| 10/24/2008 | DRC | Misc re property mgmt and travel to Los Angeles | 2 | 1,050.00 |
| 10/25/2008 | DRC | Torres Martinez meeting | 6 | 1,050.00 |
| 10/25/2008 | DRC | BIA letter preparation | 1 | 1,225.00 |
| 10/28/2008 | DRC | Edit BIA letter | 1 | 350.00 |
| 10/28/2008 | DRC | To Orange County for meeting with Nott | 6 | 1,925.00 |
| 10/29/2008 | DRC | Finalize BIA letter | 1 | 350.00 |
| 10/31/2008 | DRC | Travel to Duroville and misc re prop mgmt | 2 | 2,450.00 |
| ***October 1998 Total*** | | | | ***23,012.50*** |
| 11/2/2008 | DRC | Telephone call with T Flynn and hearing preparation | 3 | 525.00 |
| 11/3/2008 | DRC | Court hearing | 3 | 1,750.00 |
| 11/3/2008 | DRC | Hearing f/u and press calls | 3 | 350.00 |
| 11/10/2008 | DRC | Meeting with Nott | 6 | 1,400.00 |
| 11/18/2008 | DRC | Flynn meeting | 2 | 700.00 |
| 11/19/2008 | DRC | Follow up to Larson property visit | 3 | 525.00 |
| 11/20/2008 | DRC | Flynn deposition preparation | 1 | 525.00 |
| 11/20/2008 | DRC | Joe Jankosky and T Flynn lunch | 8 | 525.00 |
| 11/21/2008 | DRC | Flynn deposition | 1 | 1,925.00 |
| 11/22/2008 | DRC | Follow up re: Monday hearing | 3 | 700.00 |
| 11/23/2008 | DRC | Hearing preparation and legal research | 3 | 875.00 |
| 11/24/2008 | DRC | Hearing follow up and press calls | 3 | 525.00 |
| ***November 1998 Total*** | | | | ***10,325.00*** |
| 12/4/2008 | DRC | To Tecate and to Duroville | 6 | 1,575.00 |
| 12/5/2008 | DRC | T Flynn meeting | 2 | 525.00 |
| 12/5/2008 | DRC | Misc prop mgmt and travel to LA | 2 | 1,050.00 |
| 12/8/2008 | DRC | Telephone call with Flynn and Telephone call UCLA – Vinit | 6 | 350.00 |
| 12/8/2008 | DRC | Draft Larson letter | 7 | 175.00 |
| 12/12/2008 | DRC | Flynn meeting | 2 | 875.00 |
| 12/17/2008 | DRC | Larson meeting and travel | 7 | 2,625.00 |
| 12/18/2008 | DRC | Court hearing and travel | 3 | 2,450.00 |
| 12/22/2008 | DRC | Follow up Ray Torres and Ken Coil | 6 | 700.00 |
| ***December 1998 Total*** | | | | ***10,325.00*** |
| 1/6/2009 | DRC | Misc re: Order | 3 | 700.00 |

## Mark Adams Billing
### (Itemized by date)

| Date | Description | Hrs | Amount |
|---|---|---|---|
| 1/6/2009 DRC | Misc. re: appointment and telephone call with Tom Martin | 6 | 350.00 |
| 1/7/2009 DRC | f/u re Lazarian and travel to Indio | 6 | 1,050.00 |
| 1/7/2009 DRC | Zundel letter and follow up | 7 | 350.00 |
| 1/8/2009 DRC | Misc. property management issues | 2 | 1,400.00 |
| 1/8/2009 DRC | Lazarian homes tour; Tom Martin meeting | 6 | 1,925.00 |
| 1/9/2009 DRC | Property mgmt f/u and travel to Los Angeles | 6 | 1,050.00 |
| 1/9/2009 DRC | Meeting with Tom Martin | 2 | 875.00 |
| 1/10/2009 DRC | Review Lazarian agreement | 6 | 525.00 |
| 1/12/2009 DRC | Conference call with T Flynn and Chris | 2 | 350.00 |
| 1/12/2009 DRC | Review LWH agreement | 6 | 175.00 |
| 1/13/2009 DRC | Hearing preparation | 6 | 612.50 |
| 1/13/2009 DRC | Hearing preparation | 3 | 1,400.00 |

***Janurary 1, 2009–January 13, 2009 Total*** — **10,762.50**

**SUBTOTAL (MAY 1, 2008–JANUARY 13, 2009)** — **132,387.50**

| Date | Description | Hrs | Amount |
|---|---|---|---|
| 1/14/09 DRC | Court hearing | 3 | 1,750.00 |
| 1/16/09 DRC | To Duroville and meeting | 2 | 2,100.00 |
| 1/17/09 DRC | Follow re: fire safety projects | 2 | 875.00 |
| 1/20/09 DRC | Report preparation | 3 | 1,050.00 |
| 1/21/09 DRC | Report preparation – fire safety, finances and meet and confer | 3 | 1,750.00 |
| 1/22/09 DRC | To Duroville and property inspection | 2 | 875.00 |
| 1/23/09 DRC | Property site management | 2 | 3,150.00 |
| 1/24/09 DRC | Property site management | 2 | 2,100.00 |
| 1/24/09 DRC | Fire safety f/u and travel to Los Angeles | 2 | 1,400.00 |
| 1/26/09 DRC | Staff call | 2 | 525.00 |
| 1/26/09 DRC | Conference call | 7 | 175.00 |
| 1/27/09 DRC | Prepare utility report | 3 | 525.00 |
| 1/28/09 DRC | T Flynn and follow up | 2 | 291.67 |

***Janurary 14, 2009–Janurary 31, 2009 Total*** — **16,566.67**

| Date | Description | Hrs | Amount |
|---|---|---|---|
| 2/3/09 DRC | Misc property management issues | 2 | 175.00 |
| 2/4/09 DRC | Conference call re Ramos claim | 2 | 525.00 |
| 2/4/09 DRC | Telephone call with T. Flynn; finalize utility report | 3 | 525.00 |
| 2/4/09 DRC | Property report on Lazarian | 3 | 350.00 |
| 2/9/09 DRC | Respond to Ramos unemployment claim | 2 | 525.00 |
| 2/9/09 DRC | Staff call | 2 | 350.00 |
| 2/10/09 DRC | Expense reimbursement work | 5 | 350.00 |

6

**Mark Adams Billing**
**(Itemized by date)**

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 2/10/09 | DRC | Gather photos for CDFI | 5 | 700.00 |
| 2/12/09 | DRC | Telephone call with T. Flynn and follow up | 2 | 525.00 |
| 2/12/09 | DRC | Telephone call with J. Shine; email and follow up re: Judge Larson | 6 | 350.00 |
| 2/12/09 | DRC | Misc. follow up re: Lazarian Homes | 6 | 262.50 |
| 2/13/09 | DRC | Prepare Lazarian report | 6 | 350.00 |
| 2/17/09 | DRC | Telephone call T. Flynn and follow up | 2 | 525.00 |
| 2/18/09 | DRC | Telephone call T. Flynn | 2 | 350.00 |
| 2/18/09 | DRC | Larson call preparation | 7 | 350.00 |
| 2/20/09 | DRC | T. Flynn & Paul Carroll meeting | 2 | 565.83 |
| 2/20/09 | DRC | Meeting prep at courthouse | 2 | 233.33 |
| 2/23/09 | DRC | Meeting with Flynn, Chris and travel | 2 | 1,400.00 |
| 2/23/09 | DRC | Court hearing and travel | 3 | 1,750.00 |
| 2/24/09 | DRC | Hearing follow up | 3 | 350.00 |

***February 2009 Total*** | | | | ***10,511.66*** |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 3/2/09 | DRC | Property mgmt conference call | 2 | 350.00 |
| 3/3/09 | DRC | Telephone call B. Nott and follow up | 6 | 233.33 |
| 3/4/09 | DRC | Accounting work | 5 | 700.00 |
| 3/4/09 | DRC | Accounting work | 5 | 962.50 |
| 3/5/09 | DRC | Report preparation | 3 | 1,137.50 |
| 3/9/09 | DRC | Report preparation | 3 | 1,575.00 |
| 3/10/09 | DRC | Telephone call with Flynn & Chris | 2 | 350.00 |
| 3/12/09 | DRC | Distribute Lazarian proposal | 6 | 350.00 |
| 3/12/09 | DRC | Dan Richards meeting and travel | 5 | 1,050.00 |
| 3/17/09 | DRC | Conference call with T Flynn and Chris Hilton | 2 | 525.00 |
| 3/17/09 | DRC | Flynn meeting | 2 | 525.00 |
| 3/17/09 | DRC | Hearing preparation | 3 | 4,550.00 |
| 3/17/09 | DRC | Meeting with filmmaker | 4 | 175.00 |
| 3/19/09 | DRC | Misc and telephone call with J Shine | 8 | 350.00 |
| 3/20/09 | DRC | CDFI memo regarding refinance | 5 | 525.00 |
| 3/23/09 | DRC | Property mgmt conference call | 2 | 437.50 |
| 3/23/09 | DRC | Telephone call with P Carroll re: tax issues and follow up | 5 | 175.00 |
| 3/25/09 | DRC | To Durroville re: arson matter | 2 | 3,850.00 |
| 3/26/09 | DRC | Bankruptcy research at LACLL | 1 | 700.00 |
| 3/27/09 | DRC | Wet stamp report and follow up | 6 | 700.00 |
| 3/28/09 | DRC | CDFI memo regarding loans | 5 | 700.00 |

7

**Mark Adams Billing**
**(Itemized by date)**

| Date | | Description | | Amount |
|---|---|---|---|---|
| 3/30/09 | DRC | Meeting with Flynn & Hilton | 2 | 875.00 |
| 3/30/09 | DRC | To Riverside for cancelled hearing | 3 | 350.00 |
| 3/30/09 | DRC | From Riverside to LA for cancelled hearing | 3 | 350.00 |
| 3/31/09 | DRC | Review 501 C3 application | 1 | 700.00 |
| 3/31/09 | DRC | Email to Prosper | 8 | 350.00 |
| **March 2009 Total** | | | | **22,545.83** |
| 4/1/09 | DRC | Duroville Pretrial, Conference, Flynn meetig and travel | 3 | 2,100.00 |
| 4/2/09 | DRC | Flynn meeting | 2 | 350.00 |
| 4/2/09 | DRC | Email Larson, Telephone Kelley, Misc. | 7 | 700.00 |
| 4/5/09 | DRC | Follow up re: rent delinquencies and trial preparation | 2 | 816.67 |
| 4/7/09 | DRC | Telephone call P Carroll and follow up | 5 | 175.00 |
| 4/7/09 | DRC | Travel and Duroville trial | 9 | 4,200.00 |
| 4/8/09 | DRC | Duroville trial and travel | 9 | 3,500.00 |
| 4/9/09 | DRC | Duroville trial and travel | 9 | 2,100.00 |
| 4/13/09 | DRC | Conference call with Flynn and Hilton | 2 | 350.00 |
| 4/13/09 | DRC | t/c Paul Carroll re 501c3 and f/u | 5 | 525.00 |
| 4/13/09 | DRC | Miscellaneous trial preparation | 5 | 350.00 |
| 4/15/09 | DRC | t/c Paul Young and f/u, miscellaneous trial preparation | 9 | 350.00 |
| 4/15/09 | DRC | Duro trial and travel | 9 | 4,200.00 |
| 4/16/09 | DRC | Mtg with scott Lawson re sewage treatment plant and travel | 2 | 700.00 |
| 4/16/09 | DRC | Lunch meeting with Jack shine and ray torres, travel | 6 | 1,400.00 |
| 4/17/09 | DRC | Trial travel, return to LA | 9 | 1,050.00 |
| 4/20/09 | DRC | f/u re Dogs of Duroville program | 2 | 700.00 |
| 4/20/09 | DRC | f/u re Dogs of Duroville program | 2 | 1,050.00 |
| 4/20/09 | DRC | Other follow up re Dogs of Duroville program | 2 | 350.00 |
| 4/20/09 | DRC | Dogs of Duroville program f/u | 2 | 350.00 |
| 4/21/09 | DRC | Duroville trial and Riverside travel | 9 | 3,850.00 |
| 4/22/09 | DRC | Duroville trial | 9 | 1,750.00 |
| 4/23/09 | DRC | Duroville trial | 9 | 2,450.00 |
| 4/24/09 | DRC | Duroville trial | 9 | 2,800.00 |
| 4/27/09 | DRC | Conference call re Dogs of Duroville program | 2 | 350.00 |
| 4/27/09 | DRC | Conference call with fynn and Hilton | 2 | 350.00 |
| 4/28/09 | DRC | Press interview and follow up | 4 | 700.00 |
| 4/28/09 | DRC | Meeting with Jack Shine | 6 | 350.00 |
| 4/29/09 | DRC | Duroville trial travel | 9 | 1,050.00 |

8

**Mark Adams Billing**
**(Itemized by date)**

| | | | |
|---|---|---|---|
| 4/30/09 DRC | Duroville trial and travel | 9 | 3,325.00 |
| *April 2009 Total* | | | *42,291.67* |
| **SUBTOTAL** (January 14, 2009-April 30, 2009) | | | **91,915.83** |
| **TOTAL** | | | **224,303.33** |
| Months Totaled | | | 224,303.33 |

9