UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.     EDCV 07-01309-SGL (JCRx)                              Date:  October 1, 2009

Title:       UNITED STATES OF AMERICA -v- HARVEY DURO, SR. and DESERT
             MOBILEHOME PARK, INC., a California corporation
==============================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

         Cindy Sasse                                    None Present
         Courtroom Deputy                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

None present                               None present

**PROCEEDINGS:**   **ORDER AFTER HEARING**

**ORDER DENYING FEE APPLICATION (DOCKET #229)**

The Court held a status conference.

Given pending resignation effective November 2, 2009, of the judicial officer to which this case is presently assigned, this case must be reassigned. The Court encourages the parties to consider, per the suggestion of the Central District of California's Case Management Committee, consenting to assignment of this case to the Honorable David T. Bristow, United States Magistrate Judge, who presides in the District's eastern division. Consent forms are attached, and the parties are directed to submit their decision to the Clerk of this Court on or before October 13, 2009.

The Government requested that the Court modify its April 30, 2009, Order, which ordered that defendant and his counsel participate in a settlement conference with BIA and government counsel, to the extent that Order required the conference to proceed before the Court or a designated Magistrate Judge. No objection was raised. Accordingly, the Court directs that such discussions occur without the presence of the Court. The Court also directs counsel for the Government and Mr. Duro to include counsel for the Intervenors, counsel for the tribe, and the Receiver (or their designees) in an initial meeting to ensure that all interested parties' input is

understood and considered.

The Receiver is directed to consult with counsel for all parties to determine if there is any opposition to allowing the mobile building, described by the Receiver as facilitating a program to bring medical care (provided by the University of California-Irvine Medical School) to the residents of the Park,[1] to be placed on Mr. Duro's allotment. If there is no opposition, the parties shall prepare and file a stipulation authorizing the building's placement. If any party opposes, the Receiver shall file an ex parte application with the Court; any opposition thereto shall be filed no later than 48 hours after the filing of the ex parte application.

The Receiver also indicated that he believes that circumstances warrant an increase in the monthly stipend paid to defendant Harvey Duro. After further consultation with the Receiver, the Court **ORDERS**, in the interests of justice, that the monthly amount be increased to $5,000, effective October 1, 2009.

The Receiver reports that he has had an inquiry from CDFI regarding repayment of the loan guaranteed by former Receiver Mark Adams.

The Court held a hearing on the related matter of payment to Mr. Adams for his services on July 6, 2009, at which time the Court expressed its concern regarding repayment of the CDFI loan, much of which, but not all of which, was paid to Mr. Adams for his services, and which loan Mr. Adams had personally and voluntarily secured and guaranteed. Based on the July 6, 2009, hearing, the evidence before the Court on the matter, and the entire record, the Court **DENIES** Mr. Adam's application for order directing reimbursement (docket #229). Although Mr. Adams' subjective intent – that he was not working on a *pro bono* basis in this case – was not unreasonable, the circumstances surrounding the proposed rehabilitation and/or phased-closure of the Park should have made it obvious to all involved, and most assuredly to one as astute as the Court finds Mr. Adams to be, that payment from the rent proceeds of the Park was never guaranteed and that his continued efforts, however admirable, included a substantial risk of nonpayment.

That is not to say, however, that attempts at repayment, or even partial repayment of the CDFI loan guaranteed by Mr. Adams, should not proceed. Toward that end, Mr. Flynn, as Receiver, and/or his designee, shall meet and confer with representatives of CDFI to attempt to arrive at a compromise solution to the outstanding loan.

**IT IS SO ORDERED.**

c: Judge David T. Bristow

---

[1] Additional information regarding the proposal is found in the Receiver's September 15, 2009, Report.

| | |
|---|---|
| NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER: <br><br> ATTORNEYS FOR: | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, <br><br> Plaintiff(s), <br> v. <br> Harvey Duro, Sr., et al., <br><br> Defendant(s) | CASE NUMBER: <br><br> EDCV 07-01309 SGL (JCRx) <br><br> STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE <br> ~~(For use in Magistrate Judge Civil Consent Pilot Project Cases only)~~ |

~~(THIS FORM SHALL BE USED ONLY FOR CASES IN WHICH A MAGISTRATE JUDGE IS INITIALLY ASSIGNED PURSUANT TO LOCAL RULE 73-2.)~~

All parties to the above-captioned civil matter are to select one of the following two options and file this document with the Clerk's Office.

☐   ~~In accordance with the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P. 73(b),~~ the party or parties listed below to the above-captioned civil matter hereby waive their right to proceed before a District Judge and **consent** to have the assigned Magistrate Judge David T. Bristow conduct all further proceedings in the case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☐   The party or parties listed below to the above-captioned civil matter **do not consent** to proceed before the assigned Magistrate Judge David T. Bristow.

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (**OR** Party if Pro Per) | Signature and date | Counsel for (Name Parties) |
|---|---|---|
| | | |
| | | |
| | | |

☐ Check this box if all parties have consented to proceed before the assigned Magistrate Judge.

**NOTICE TO COUNSEL FROM CLERK:**

All parties having consented to proceed before the assigned magistrate judge, this case will remain assigned to United States Magistrate Judge _____ for all further proceedings.

CV-11C (07/09)   STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE
(For use in Magistrate Judge Civil Consent Pilot Project Cases only)