ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
JONATHAN B. KLINCK (CA Bar No. 119926)
Assistant United States Attorney
MONICA L. MILLER (CA Bar No. 157695)
Assistant United States Attorney
    300 N. Los Angeles Street
    Federal Building, Room 7516
    Los Angeles, CA 90012
    Tel: (213) 894-8561/4061
    Fax: (213) 894-7819
    Email: Jonathan.Klinck@usdoj.gov
          Monica.Miller@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HARVEY DURO, SR., and DESERT MOBILEHOME PARK, INC., a California corporation,<br><br>    Defendants. | Case No. EDCV 07-1309 DTB<br><br>PLAINTIFF'S RESPONSE TO CDFI'S MOTION FOR ORDER INCREASING PAYMENTS FROM CERTAIN PROCEEDS OF THE RECEIVERSHIP OF DESERT MOBILEHOME PARK, INC.<br><br>The Honorable David T. Bristow |

    Plaintiff the United States respectfully submits it's response to Clearinghouse Community Development Financial Institution's motion for order increasing payments from certain proceeds of the receivership of Desert Mobilehome Park, Inc. ("Motion").

///

///

///

1

## I. INTRODUCTION

On February 11, 2008, the Court appointed two Special Masters and a Provisional Receiver (collectively referred to as the Study Group) and ordered the Study Group to, *inter alia*, investigate the conditions at Desert Mobilehome Park and report back to the Court. February 11, 2008 Order (docket # 59), a copy of which is attached as Exhibit A. The February 11, 2008 Order also specified that the Study Group would "be paid their costs and reasonable fees for their services" and noted that "the Provisional Receiver has secured a $150,000 line of credit from Clearinghouse CDFI . . ." Id at 3. On May 1, 2008, the Court granted the United States's motion for preliminary injunction, in part incorporating the findings of the Study Group. May 1, 2008 Order (docket # 87), a copy of which is attached as Exhibit B. On May 23, 2008, the Court found that the Study Group's costs and fees were $122,000, and ordered defendants to pay the Study Group by July 1, 2008. May 23, 2008 Order (docket # 96), a copy of which is attached as Exhibit C.

After granting the preliminary injunction, the Court entered into ex parte communications with the various parties and non-party entities because such communications "could be helpful in facilitating compliance with the Court's May 1, 2008 Order [granting preliminary injunction]." June 25, 2008 Order (docket # 101) attached hereto as Exhibit D, at 1. Mr. Adams filed his Application for Order Directing Reimbursement of Receivership Advances and Expenses on May 8, 2009 (docket # 229.) The Application was supported by the Declaration of Kristy Ollendorff (docket # 239), a copy of which is attached as Exhibit E. Then, on October 1, 2009, the Court denied Mr. Adam's request for additional fees, and addressed the CDFI loan as follows:

///

> The Receiver [Mr. Flynn] reports that he has had an inquiry from CDFI regarding repayment of the loan guaranteed by the former Receiver Mark Adams. The Court held a hearing on the related matter of payment to Mr. Adams for his services on July 6, 2009, at which time the Court expressed its concern regarding repayment of the CDFI loan, much of which, but not all of which, was paid to Mr. Adams for his services, and which loan Mr. Adams had personally and voluntarily secured and guaranteed. Based on the July 6, 2009 hearing , the evidence before the Court on the matter, and the entire record, the Court DENIES Mr. Adam's application for order directing reimbursement (Docket # 229).

October 1, 2009 Order (docket # 248), a copy of which is attached as Exhibit F.

## II. THERE CAN BE NO ENCUMBRANCE OF AN INDIAN TRUST ALLOTMENT WITHOUT THE APPROVAL OF THE SECRETARY OF THE INTERIOR – NO SECRETARIAL APPROVAL HAS BEEN GRANTED TO CDFI RELATING TO MR. DURO'S ALLOTMENT

The United States was not present during the ex parte communications between the Court and Mr. Adams and CDFI, or with those with Mr. Duro and his counsel. The United States is not privy to any loan agreement between CDFI and Mr. Adams, or with Mr. Duro Since it is not a party to any loan agreement with CDFI, the United States makes no substantive comment to the Motion.

However, the United States is obliged to bring to the Court's attention that Mr. Duro's allotment is owned by the United States for the beneficial use of Mr.

3

Duro, who is an Indian allotee.[1] Mr. Duro is a member of the Torres Martinez Band of Mission Indians, a federally recognized Indian Tribe. In addition to the allotments, the Torres-Martinez Reservation as a whole is owned in trust by the United States for the benefit and occupancy of the Tribe and its members. Johnson v. McIntosh, 21 U.S. 543 (1823), Oneida Indian Nation v. County of Oneida, 414 U.S. 661 (1974).

The United States is concerned with how the Court's decisions relating to the Motion might impact Mr. Duro's allotment, and consequently impact the United States' trust responsibility. The United States was not present during a number of the Court's ex parte contacts, and thus cannot determine whether Mr. Duro authorized the CDFI loan.[2] Nevertheless, it can be discerned from the record, and from the documents submitted by CDFI, that Mr. Adams signed the loan documents. The record is also clear that no loans were approved by the Secretary of the Interior – the absolute Indian Trustee – as required by Congress. See, 25 U.S.C. §1, et seq. Accordingly, to the extent the CDFI loan purports to be an encumbrance on Mr. Duro's allotment, it cannot be imposed, because any such encumbrance on a federal trust allotment must have Secretarial approval. 25 U.S.C. §348. The language of Section 348 prohibits any conveyance by the Indian without Secretarial approval: without such approval, the encumbrance is null and void. See, e.g., Taylor v. Parker, 235 U.S. 42 (1914); Sage v. Hampe, 235 U.S. 99, (1914); Starr v. Long Jim, 227 U.S. 613 (1913); Heckman v. United States, 224 U.S. 413, 416 (1911); United States v. Walters, 17 F.2d 116 (1926).

---

[1] The General Allotment of 1887, 25 U.S.C. § 331, et seq.

[2] Mr. Duro has been represented throughout this action by his own private counsel.

In <u>Mullen v. Simmons</u>, 234 U.S. 192, 197-199 (1914), the Supreme Court discussed the legal proposition that alienation of restricted Indian land, without the consent of the Secretary, is void. This principal was elaborated in <u>United States v. Emmons</u>, 351 F.2d 603 (9th Cir 1965), which held that section 348 made any such purported conveyance of Indian lands without Secretarial approval "or any contract touching the same" during the trust period "shall be absolutely null and void." <u>Id</u> at 604. The <u>Emmons</u> Court concluded that the provision "makes a holding of absolute nullity mandatory." <u>Id</u>.. Similarly, in <u>Lawrence v. United States</u>, 381 F.2d 989 (9th Cir. 1967) (an attempt to enforce an oral contract to enter into a long-term lease) the Court, again in interpreting Section 348, concluded that such agreements are "void." [3] The legal history of 25 U.S.C. §348 makes it clear the federal trust allotments cannot be encumbered without the approval of the Secretary of the Interior.

Moreover, in addition to raising the issue that there can be no encumbrance of Indian trust land without approval of the Secretary of the Interior, it should be clarified that CDFI's statement in the Motion at p. 8, that the rental income from Mr. Duro's allotment must be administered in accordance with California law, is contrary to the Ninth Circuit law. <u>Segundo v. City of Rancho Mirage</u>, 813 F.2d 1387 (9th Cir. 1987) held that in matters involving the leasing of Indian land, the Department of the Interior regulation 25 C.F.R. Part 162 has preempted any other state civil jurisdiction. Additionally, § 348 specifically states the trust land shall

---

[3] For other prohibitive restrictions, see also, <u>Lykins v. McGrath</u>, 184 U.S. 169 (1902); <u>United States v. First National Bank of Yakima, Washington</u>, 282 Fed. 330 (1922) (mortgages were prohibited until allowed by Congress in 1956, 25 U.S.C. 483a); <u>United States v. Walters</u>, 17 F.2d 116 (D.C. Minn. 1926) (conveyance by Indian prior to the expiration of the trust period is against public policy).

be held "in trust for the sole use and benefit of the Indian to whom such allotment shall have been made." 25 U.S.C. § 348. See also, United States v. Mitchell, 463 U.S. 206, (1983), Hoopa Valley v. Ryan, et al., 415 F.3d. 986, 390 (9th Cir. 2005).[4]

## III. CONCLUSION

There can be no encumbrance of alloted Indian land without the approval of the Secretary of the Interior, and all aspects of Indian trust lands, including the proceeds of trust lands, are subject to federal law.

Dated: August 11, 2010

        ANDRÉ BIROTTE JR.
        United States Attorney
        LEON W. WEIDMAN
        Assistant United States Attorney
        Chief, Civil Division

        /s/ Jonathan B. Klinck
        JONATHAN B. KLINCK
        Assistant United States Attorney
        MONICA L. MILLER
        Assistant United States Attorney

        Attorneys for Plaintiff

---

[4] In United States v. Mitchell, 463 U.S. 206, 255(1983)(a matter involving timber on an Indian allotment) the Supreme Court ruled that "a fiduciary relationship necessarily arises when the government assumes elaborate control over . . . property belonging to Indians. All of the necessary elements of a common-law trust are present: a trustee (United States), a beneficiary (the Indian allotee), and a trust corpus (timber, lands, money)." Id.

PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On August 31, 2010, I served **PLAINTIFF'S RESPONSE TO CDFI'S MOTION FOR ORDER INCREASING PAYMENTS FROM CERTAIN PROCEEDS OF THE RECEIVERSHIP OF DESERT MOBILEHOME PARK, INC.** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: August 13, 2010. Place of mailing: Los Angeles, California.

**Person(s) and/or Entity(ies) to Whom mailed:**

Clinton Burr
10 South Riverside Place, Suite 1800
Chicago, IL   60606

Jose Luis Crisantos
6880 Highway 195
P.O. Box 198
Thermal, CA 92274

Thomas J. Flynn
Duroville Receivership Organization Inc.
68-800 Pierce Street
Thermal, CA 92274

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: August 13, 2010 at Los Angeles, California.

Rossana Alvarez