1  ANDRÉ BIROTTE JR.
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   JONATHAN B. KLINCK (CA Bar No. 119926)
4  Assistant United States Attorney
   MONICA L. MILLER (CA Bar No. 157695)
5  Assistant United States Attorney
        300 N. Los Angeles Street
6       Federal Building, Room 7516
        Los Angeles, CA 90012
7       Tel: (213) 894-8561/4061
        Fax: (213) 894-7819
8       Email: Jonathan.Klinck@usdoj.gov
               Monica.Miller@usdoj.gov
9

10 Attorneys for Plaintiff United States of America

11                UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13                        EASTERN DIVISION

14 UNITED STATES OF AMERICA,          ) Case No. EDCV 07-1309 DTB
                                      )
15          Plaintiff,                ) PLAINTIFF'S STATEMENT OF
                                      ) POSITION IN RESPONSE TO
16     vs.                            ) CDFI'S REPLY TO MOTION FOR
                                      ) ORDER INCREASING PAYMENTS
17 HARVEY DURO, SR., and              ) FROM CERTAIN PROCEEDS OF
   DESERT MOBILEHOME PARK,            ) THE RECEIVERSHIP OF DESERT
18 INC., a California corporation,    ) MOBILEHOME PARK, INC.
                                      )
19          Defendants.               )
                                      )
20 ─────────────────────────            The Honorable David T. Bristow

21     Plaintiff the United States of America respectfully submits it's Statement of

22 Position in response to Clearinghouse Community Development Financial

23 Institution's Reply to Motion for Order Increasing Payments From Certain

24 Proceeds of the Receivership of Desert Mobilehome Park, Inc. ("Motion"). The

25 United States has not opposed the Motion, and has not taken a position whether

26 payments to CDFI should be increased, but files this Statement of Position to

27

28                                    1

advise the Court of certain legal aspects of the federal law applicable to Indian allotted land.

## I. INTRODUCTION

On February 11, 2008, the Court appointed two Special Masters and a Provisional Receiver (collectively referred to as the Study Group) and ordered the Study Group to, *inter alia*, investigate the conditions at Desert Mobilehome Park and report back to the Court. February 11, 2008 Order (docket # 59). The February 11, 2008 Order also specified that the Study Group would "be paid their costs and reasonable fees for their services" and noted that "the Provisional Receiver has secured a $150,000 line of credit from Clearinghouse CDFI . . . ." Id. at 3. On May 1, 2008, the Court granted the United States's motion for preliminary injunction, in part incorporating the findings of the Study Group. May 1, 2008 Order (docket # 87). On May 23, 2008, the Court found that the Study Group's costs and fees were $122,000, and ordered defendants to pay the Study Group by July 1, 2008. May 23, 2008 Order (docket # 96).

After granting the preliminary injunction, the Court entered into ex parte communications with the various parties and non-party entities because such communications "could be helpful in facilitating compliance with the Court's May 1, 2008 Order [granting preliminary injunction]." June 25, 2008 Order (docket # 101) at 1. Mr. Adams filed his Application for Order Directing Reimbursement of Receivership Advances and Expenses on May 8, 2009 (docket # 229.) The Application was supported by the Declaration of Kristy Ollendorff (docket # 239). Then, on October 1, 2009, the Court denied Mr. Adam's request for additional fees, and addressed the CDFI loan as follows:

> The Receiver [Mr. Flynn] reports that he has had an inquiry from CDFI regarding repayment of the loan guaranteed by the former

2

> Receiver Mark Adams. The Court held a hearing on the related matter of payment to Mr. Adams for his services on July 6, 2009, at which time the Court expressed its concern regarding repayment of the CDFI loan, much of which, but not all of which, was paid to Mr. Adams for his services, and which loan Mr. Adams had personally and voluntarily secured and guaranteed. Based on the July 6, 2009 hearing , the evidence before the Court on the matter, and the entire record, the Court DENIES Mr. Adam's application for order directing reimbursement (Docket # 229).

October 1, 2009 Order (docket # 248).

## II. THERE CAN BE NO ENCUMBRANCE OF AN INDIAN TRUST ALLOTMENT WITHOUT THE APPROVAL OF THE SECRETARY OF THE INTERIOR – NO SECRETARIAL APPROVAL HAS BEEN GRANTED TO CDFI RELATING TO MR. DURO'S ALLOTMENT

The United States was not present during the ex parte communications between the Court and Mr. Adams and CDFI, and the government's knowledge relating to the CDFI loan is based upon documents which the parties have filed with the Court and upon the Court's Orders. The United States is not privy to the loan agreement between CDFI and Mr. Adams, or with Mr. Duro, who has been represented by counsel. Accordingly, the United States makes no substantive comment with respect to CDFI's motion to recover its principal.

However, it should underscored that legal title to Mr. Duro's allotment is held by the United States for the beneficial use of Mr. Duro, who is an Indian

1 | allotee.[1] In addition to the allotments, the Torres-Martinez Reservation as a
2 | whole is owned in trust by the United States for the benefit and occupancy of the
3 | Tribe and its members. Johnson v. McIntosh, 21 U.S. 543 (1823), Oneida Indian
4 | Nation v. County of Oneida, 414 U.S. 661 (1974).
5 |      Although no party has asserted a lien over Mr. Duro's allotment, the United
6 | States is concerned with how the Court's decisions relating to the Motion might
7 | impact Mr. Duro's allotment, and consequently impact the United States' trust
8 | responsibility. Mr. Adams states that he arranged the loan in his name to obtain
9 | receivership financing. Declaration of Mark S. Adams dated September 14, 2010,
10 | 2:11-14. It was stated by Mr. Adams in a Court filing that the loan was unsecured.
11 | ". . .CDFI does not have any collateral, real estate or otherwise for its advances."
12 | Second Receiver's Report, 3:19. The record is also clear that no loans were
13 | approved by the Secretary of the Interior – the absolute Indian Trustee – as
14 | required by Congress. See, 25 U.S.C. §1, et seq.
15 |      In fact, the CDFI loan could not be secured by Mr. Duro's allotment
16 | because any such encumbrance on a federal trust allotment must have prior
17 | Secretarial approval. 25 U.S.C. §348. The language of Section 348 prohibits any
18 | conveyance by the Indian without Secretarial approval: without such approval, the
19 | encumbrance is null and void. See, e.g., Taylor v. Parker, 235 U.S. 42 (1914);
20 | Sage v. Hampe, 235 U.S. 99, (1914); Starr v. Long Jim, 227 U.S. 613 (1913);
21 | Heckman v. United States, 224 U.S. 413, 416 (1911); United States v. Walters, 17
22 | F.2d 116 (1926).
23 |      In Mullen v. Simmons, 234 U.S. 192, 197-199 (1914), the Supreme Court
24 | discussed the legal proposition that alienation of restricted Indian land, without the

---

[1] The General Allotment of 1887, 25 U.S.C. § 331, et seq.

consent of the Secretary, is void. This principal was elaborated in United States v. Emmons, 351 F.2d 603 (9th Cir 1965), which held that Section 348 made any such purported conveyance of Indian lands without Secretarial approval "or any contract touching the same" during the trust period "shall be absolutely null and void." Id at 604. The Emmons Court concluded that the provision "makes a holding of absolute nullity mandatory." Id. Similarly, in Lawrence v. United States, 381 F.2d 989 (9th Cir. 1967) (an attempt to enforce an oral contract to enter into a long-term lease) the Court, again in interpreting Section 348, concluded that such agreements are "void." [2] The legal history of Section 348 makes it clear the federal trust allotments cannot be encumbered without the approval of the Secretary of the Interior.

Dated: September 20, 2010

                                ANDRÉ BIROTTE JR.
                                United States Attorney
                                LEON W. WEIDMAN
                                Assistant United States Attorney
                                Chief, Civil Division

                                */s/ Jonathan B. Klinck*
                                JONATHAN B. KLINCK
                                Assistant United States Attorney
                                MONICA L. MILLER
                                Assistant United States Attorney

                                Attorneys for Plaintiff

---

[2] For other prohibitive restrictions, see also, Lykins v. McGrath, 184 U.S. 169 (1902); United States v. First National Bank of Yakima, Washington, 282 Fed. 330 (1922) (mortgages were prohibited until allowed by Congress in 1956, 25 U.S.C. 483a); United States v. Walters, 17 F.2d 116 (D.C. Minn. 1926) (conveyance by Indian prior to the expiration of the trust period is against public policy).

5

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On September 20, 2010, I served **PLAINTIFF'S STATEMENT OF POSITION IN RESPONSE TO CDFI' S REPLY TO MOTION FOR ORDER INCREASING PAYMENTS FROM CERTAIN PROCEEDS OF THE RECEIVERSHIP OF DESERT MOBILHOME PARK, INC.** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: September 20, 2010. Place of mailing: Los Angeles, California.

**Person(s) and/or Entity(ies) to Whom mailed:**

Clinton Burr
10 South Riverside Place, Suite 1800
Chicago, IL 60606

Jose Luis Crisantos
6880 Highway 195
P.O. Box 198
Thermal, CA 92274

Thomas J. Flynn
Duroville Receivership Organization Inc.
68-800 Pierce Street
Thermal, CA 92274

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: September 20, 2010 at Los Angeles, California.

_Rossana Alvarez_
Rossana Alvarez