FILED
MAR 27 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| United States of America<br>Plaintiff,<br><br>vs.<br><br>Harvey Duro, Sr. et al.<br>Respondents and Defendants. | CASE NO. EDCV 07-1309-DTB<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>*Complaint Filed:* |

It is hereby stipulated and agreed by and between the United States of America, Harvey Duro, Sr., California Rural Legal Assistance, Inc., the court-appointed Receiver Tom Flynn ("RECEIVER"), the Intervenor Defendants ("INTERVENOR DEFENDANTS"), Movants, (hereinafter collectively referred to as "PARTIES TO THE ORDER") and by their respective undersigned attorneys of record herein, and the County of Riverside ("COUNTY"), that the following Protective Order may be entered, and that the terms and conditions of this Stipulation and Protective Order shall govern the handling of documents and other information provided by the COUNTY, as further described herein.

1    The proceedings in the above-captioned action ("Action") may require disclosure of information, either documentary or testimonial or both, regarded by the COUNTY, as confidential, because it incorporates private, personal, and/or financial information which is not generally known to the public or others.

   The PARTIES TO THE ORDER understand and agree that COUNTY may provide confidential information of the residents, both past and present, of Duroville Mobile Home Park ("RESIDENTS"), to the INTERVENOR DEFENDANTS, by and through their counsel, and to the RECEIVER, if such becomes necessary, pursuant to the terms of this Stipulated Protective Order. The receipt and use of any of such confidential information given by the COUNTY to the INTERVENOR DEFENDANTS is solely for the purpose of facilitating the timely and expeditious relocation of the RESIDENTS of Duroville Mobile Home Park to Mountain View Estates. COUNTY agrees to provide only such confidential information of the RESIDENTS that is essential to facilitate the RESIDENTS' timely and expeditious relocation to Mountain View Estates. The PARTIES TO THE ORDER agree that the confidential information of the RESIDENTS shall not be disclosed or released to anyone other than those persons authorized to receive the information under the terms of this Stipulated Protective Order and shall not be used for any purpose other than to timely and expeditiously facilitate the RESDIENTS' relocation.

   Accordingly, the PARTIES TO THE ORDER and the COUNTY, individually and through their respective attorneys of record, stipulate and agree that the Court shall issue the following Stipulated Protective Order ("Stipulated Protective Order") which shall govern the handling of confidential information and documentation throughout the proceedings in this action, and thereafter.

   It is further stipulated that the PARTIES TO THE ORDER, or the COUNTY, individually and by and through their undersigned attorneys of record, may proceed by an ex parte appearance before the Court to obtain the proposed Protective Order. To expedite the relocation, the PARTIES TO THE ORDER and the COUNTY agree to be bound by this Stipulation for Protective Order at all times prior to the Order hereon is signed by the Court.

///

IT IS HEREBY ORDERED as follows:

1. Any document or testimonial information provided by the COUNTY which contains information that is confidential, private and personal and which is entitled to protection pursuant to the California Constitution Article I, Section 1; California Civil Code §§1798 et seq.; California Government Code §§6254 & 6255; 5 USC §552; and any other applicable State and Federal laws pertaining to the protection of individual privacy interests. Such information shall be designated as CONFIDENTIAL and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement by the COUNTY. Such designated documents or testimonial information shall be received by counsel of record for the INTERVENOR DEFENDANTS or the RECEIVER upon the following terms.

2. Documents or tangible items shall be designated CONFIDENTIAL within the meaning of the Stipulated Protective Order in the following ways:

    a. In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

    b. In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

    c. In producing original files and records for inspection, no marking need be made by the COUNTY in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEY'S EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the COUNTY shall mark as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3. With respect to all documents, information, or tangible items, produced or furnished by the COUNTY during this proceeding, which are designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by the COUNTY, such information shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any

manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of the Stipulated Protective Order.

4. Any document, pleading or tangible item which contains confidential information, if filed or submitted to the Court, shall be filed in a sealed envelope marked "Confidential: Not To Be Opened Except By Order of the Court."

5. Any confidential document or testimonial information produced by the COUNTY which contains private, confidential personal information of the RESIDENTS may be designated as "ATTORNEY'S EYES ONLY" including, but not limited to:

 a. The names, addresses, telephone numbers, or other information revealing or tending to reveal the identities of the RESIDENTS of Duroville Mobile Home Park and/or Mountain View Estates, whether past or present;

 b. Information about the RESIDENTS' social security numbers, copies of RESIDENTS' social security cards or copies of photographic identification cards or drivers' licenses;

 c. Any financial information provided by the RESIDENTS, including Income Tax returns/information, W-2 statements, check stubs, rent receipts, and title or ownership documents to property;

 d. RESIDENTS' Applications to the "Mobile Home Tenant Loan Program", including all Attachments and Checklists;

 e. Any logs or spreadsheets maintained by the COUNTY containing information regarding the RESIDENTS; and

 f. Any compilation of information received from or concerning the RESIDENTS which may include private or personal information as described herein.

Other categories of "ATTORNEY'S EYES ONLY" information may exist, the absence of which does not preclude inclusion as "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL."

///
///
///

The COUNTY agrees to designate information as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" on a reasonable and good faith basis and not for purposes of harassing the receiving party or for the purposes of unnecessarily restricting the receiving party's access to information necessary to facilitate the expeditious relocation of the RESIDENTS.

6. Before disclosure of any information subject to this Stipulated Protective Order is made to any agent, employee or officer of the non-producing party, counsel for that party shall provide the COUNTY with a written certification, in the form attached hereto as Exhibit "A," from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Stipulated Protective Order, that the person has read this Stipulated Protective Order, that such person agrees to comply with, and be bound by this Stipulated Protective Order, and that such person is aware that contempt sanctions may be entered by violation of this Stipulated Protective Order. The executed affidavits shall be provided to counsel for the COUNTY five (5) court days prior to disclosure of any confidential information to such person. If no objection is made to such person receiving confidential information within such five (5) day period, then confidential information may be disclosed to such person. If objection is made, then any party may bring before the Court, the question of whether the confidential information may be disclosed to such person. If an objection is timely made, the receiving party shall refrain from disclosing the challenged information until the Court has considered and ruled on the objection. All executed affidavits shall be maintained by the COUNTY through the conclusion of this action.

7. Except as permitted by further order of this Court, or by subsequent written agreement of the producing party, disclosures of "ATTORNEY'S EYES ONLY" documents or information, including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to:

    a. Counsel of record for the INTERVENOR DEFENDANTS, the COUNTY and counsel for the COUNTY, associate attorneys and paralegals and clerical employees assisting such counsel;

    b. The RECEIVER, if such becomes necessary;

- 5 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

  c. Judges, law clerks and clerical personnel of the Court before which action is pending;

  d. Employees and officers of the party or COUNTY producing the documents or information; and,

  e. Authors and drafters of the documents or information.

  f. Other PARTIES TO THE ORDER, if such disclosure is ordered by the Court.

8. Disclosure of information designated as "CONFIDENTIAL," including summaries thereof, shall be limited to: (a) the person(s) and entities identified in paragraph 7; and (b) no more than two (2) employees or officers of the non-producing party who are actively involved in the relocation process and require access to the information to assist with the COUNTY's relocation efforts.

9. If, through inadvertence, the COUNTY provides any information pursuant to this proceeding without marking the information as "CONFIDENTIAL" or ATTORNEY'S EYES ONLY", the non-producing PARTIES TO THE ORDER shall treat such information as "CONFIDENTIAL" and "ATTORNEYS EYES ONLY" unless or until the COUNTY provides written notice to the receiving party that the disclosed information is not to be treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

10. The restrictions set forth in this Stipulated Protective Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this Stipulated Protective Order. If such public information is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", the receiving party must inform counsel for the COUNTY of the pertinent circumstances before the restrictions of this Stipulated Protective Order will be inapplicable.

11. No person or party shall directly or indirectly utilize or disclose any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information obtained pursuant to disclosure in this action,

- 6 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

except for the stated purpose of this action only; to wit, to facilitate the relocation of the RESIDENTS of Duroville Mobile Home Park to Mountain View Estates.

12. Upon the conclusion of this action or the acceptance of and approval of applications for assistance and occupancy at Mountain View Estates from 75% of the RESIDENTS, whichever occurs first, all "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information furnished pursuant to this Stipulated Protective Order, and all copies thereof, shall be returned to the COUNTY or COUNTY's attorneys of record, or at the COUNTY's option, destroyed by counsel for the receiving party. The provisions of this Stipulated Protective Order insofar as it restricts the disclosure, communication of, and use of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information produced hereunder shall continue to be binding after the conclusion of this action.

13. If discovery is sought of a person not a RESIDENT or a PARTY TO THIS ORDER ("third party") requiring disclosure of such third party's "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information disclosed by such third party will be accorded the same protection as the COUNTY's "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information pursuant to this Stipulated Protective Order.

14. If any party or person violates or threatens to violate any terms of this Stipulated Protective Order, all PARTIES TO THE ORDER and the COUNTY agree that any party that believes it will be injured by such violation or threatened violation may immediately apply to the Court to obtain relief. The respondent party or person subject to the provisions of this Order shall not employ as a defense that the injured party possesses an adequate remedy at law.

15. By signing this Stipulated Protective Order, counsel for the undersigned PARTIES TO THE ORDER and the COUNTY agree to abide and be bound by the provisions of this Order and undertake to use due care to see that such provisions are known and adhered to by those under their supervision and/or control.

///

///

1. The PARTIES TO THE ORDER and the COUNTY herein agree that this Stipulation and Protective Order may be signed in counterparts and those signatures by the PARTIES TO THE ORDER and the COUNTY via electronic transmission or facsimile are acceptable.

THE FOREGOING IS HEREBY STIPULATED by and between the PARTIES TO THE ORDER and the COUNTY, individually and by their respective attorneys of record.

Office of US Attorney
Civil Division

Dated: _____   By: _____
MONICA L. MILLER
Assistant United States Attorney
Attorney for Plaintiff
United States of America

J. Scott Zundel Law Offices

Dated: _____   By: _____
J. SCOTT ZUNDEL
Attorney for Defendant
Harvey Duro, Sr.

Dated: _____   By: _____
HARVEY DURO, Sr.
Respondent

California Rural Legal Assistance, Inc.

*(Signature via electronic transmission)*

Dated: _____   By: _____
MEGAN BEAMAN
Attorney for Intervenor Defendants
Cruz Navarro, Delfina Ochoa,
Pedro Lopez, Orbelina Escobar

///

The PARTIES TO THE ORDER and the COUNTY herein agree that this Stipulation and Protective Order may be signed in counterparts and those signatures by the PARTIES TO THE ORDER and the COUNTY via electronic transmission or facsimile are acceptable.

THE FOREGOING IS HEREBY STIPULATED by and between the PARTIES TO THE ORDER and the COUNTY, individually and by their respective attorneys of record.

Office of US Attorney
Civil Division

Dated: _____   By: _____
MONICA L. MILLER
Assistant United States Attorney
Attorney for Plaintiff
United States of America

J. Scott Zundel Law Offices

Dated: _____   By: _____
J. SCOTT ZUNDEL
Attorney for Defendant
Harvey Duro, Sr.

Dated: _____   By: _____
HARVEY DURO, Sr.
Respondent

California Rural Legal Assistance, Inc.

Dated: 22 Mar 12   By: _____
MEGAN BEAMAN
Attorney for Intervenor Defendants
Cruz Navarro, Delfina Ochoa,
Pedro Lopez, Orbelina Escobar

///

|    |    |
|----|----|
| | Chandra Gehri Spencer Law Offices |
| Dated: _____ | *(Signature via electronic transmission)*<br>By: _____<br>CHANDRA G. SPENCER<br>Attorney for Intervenor Defendants<br>Cruz Navarro, Delfina Ochoa,<br>Pedro Lopez, Orbelina Escobar |
| | Duroville Receivership Organization |
| Dated: _____ | *(Signature via facsimile)*<br>By: _____<br>THOMAS J. FLYNN<br>Receiver |
| | Office of Riverside County Counsel |
| Dated: _____ | By: _____<br>ANNIE T. SAHHAR<br>Deputy County Counsel<br>Attorney for County of Riverside |

THE FOREGOING IS HEREBY ORDERED:

Dated: _____  By: _____
David T. Bristow
Magistrate of the U.S. District Court
Central District

IT IS FURTHER ORDERED THAT:

_____

|  |  |
|---|---|
| | Chandra Gehri Spencer Law Offices |
| Dated: 3/22/12 | By: *Chandra G. Spencer /MB*<br>CHANDRA G. SPENCER<br>Attorney for Intervenor Defendants<br>Cruz Navarro, Delfina Ochoa,<br>Pedro Lopez, Orbelina Escobar |
| | Duroville Receivership Organization |
| Dated: _____ | By: _____<br>THOMAS J. FLYNN<br>Receiver |
| | Office of Riverside County Counsel |
| Dated: _____ | By: _____<br>ANNIE T. SAHHAR<br>Deputy County Counsel<br>Attorney for County of Riverside |

```
                                        Chandra Gehri Spencer Law Offices


                                             (Signature via electronic transmission)
Dated: _____              By: _____
                                        CHANDRA G. SPENCER
                                        Attorney for Intervenor Defendants
                                        Cruz Navarro, Delfina Ochoa,
                                        Pedro Lopez, Orbelina Escobar



                                        Duroville Receivership Organization


                                             (Signature via facsimile)
Dated: _____              By: _____
                                        THOMAS J. FLYNN
                                        Receiver


                                        Office of Riverside County Counsel

                                             [signature]
Dated: _____              By: _____
                                        ANNIE T. SAHHAR
                                        Deputy County Counsel
                                        Attorney for County of Riverside


THE FOREGOING IS HEREBY ORDERED:

                                             [signature]
Dated: 3/27/12                     By: _____
                                        David T. Bristow
                                        Magistrate of the U.S. District Court
                                        Central District


IT IS FURTHER ORDERED THAT:
```

- 9 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Chandra Gehri Spencer Law Offices

Dated: _____

By: _____
CHANDRA G. SPENCER
Attorney for Intervenor Defendants
Cruz Navarro, Delfina Ochoa,
Pedro Lopez, Orbelina Escobar

Duroville Receivership Organization

Dated: 03-22-2012

By: /s/ Thomas J. Flynn
THOMAS J. FLYNN
Receiver

Office of Riverside County Counsel

Dated: _____

By: _____
ANNIE T. SAHHAR
Deputy County Counsel
Attorney for County of Riverside

- 9 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

**PROOF OF SERVICE BY MAIL**

Case No. EDCV 07-1309-DTB

I, the undersigned, say that I am a citizen of the United States and am employed in the county of Riverside, over the age of 18 years and not a party to the within action or proceeding; that my business address is: 3403 Tenth Street, Suite 300, Riverside, CA 92501

That on **March 26, 2012**, I served a copy of the following listed documents.

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

By delivering a true copy thereof in a sealed envelope(s) addressed as follows:

SEE ATTACHED SERVICE LIST

☒ FIRST CLASS MAIL. I am "readily familiar" with this office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Riverside, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ OVERNIGHT MAIL. I am "readily familiar" with this office's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier in the ordinary course of business.

☐ PERSONAL SERVICE. I personally served the documents/envelope to the persons at the addresses listed above. Delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9:00 a.m. and 5:00 p.m.

☐ ELECTRONIC SERVICE. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 26, 2012**, at Riverside, California.

*/s/ Pamela Perry*
PAMELA PERRY

## SERVICE LIST

**United States of America v. Harvey Duro Sr. et al**
**EDCV 07-1309-DTB**

Monica Miller
AUSA – Office of US Attorney (Civil Division)
300 North Los Angeles Street, Ste 7516
Los Angeles, CA 90012


J Scott Zundel
J Scott Zundel Law Offices
74-000 Country Club Dr, Suite C-4
Palm Desert, CA 92260


Harvey Duro, Sr.
74-000 Country Club Dr, Suite C-4
Palm Desert, CA 92260

Megan Beaman
California Rural Legal Assistance
511 D. Street
Marysville, CA 95901-2600


Chandra G. Spencer
Chandra Gehri Spencer Law Offices
445 South Figueroa St
Suite 2700
Los Angeles, CA 90071


Thomas J. Flynn
Duroville Receivership Organization Inc.
68-800 Pierce Street
Thermal, CA 92274

(Proposed)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| United States of America<br>　　　　Plaintiff,<br><br>vs.<br><br>Harvey Duro, Sr. et al.<br>　　　　Respondents and Defendants. | CASE NO. EDCV 07-1309-DTB<br><br><br><br>**DECLARATION AGREEING TO BE BOUND BY PROTECTIVE ORDER**<br><br>**Honorable:**<br>**Dept:**<br><br><br><br><br><br><br><br>*Complaint Filed:* |

　　I, _____, have read the Protective Order dated _____ entered in the above-entitled action, and I agree to be bound by its terms. I make this Declaration under penalty of perjury under the laws of the State of California.

Dated: _____　　　　　　　　　　Signed: _____

---

DECLARATION AGREEING TO BE BOUND BY PROTECTIVE ORDER
- 1 -

**PROOF OF SERVICE BY MAIL**

Case No. EDCV 07-1309-DTB

I, the undersigned, say that I am a citizen of the United States and am employed in the county of Riverside, over the age of 18 years and not a party to the within action or proceeding; that my business address is: 3403 Tenth Street, Suite 300, Riverside, CA 92501

That on **March 26, 2012**, I served a copy of the following listed documents.

**DECLARATION AGREEING TO BE BOUND BY PROTECTIVE ORDER**

By delivering a true copy thereof in a sealed envelope(s) addressed as follows:

SEE ATTACHED SERVICE LIST

[X] FIRST CLASS MAIL. I am "readily familiar" with this office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Riverside, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] OVERNIGHT MAIL. I am "readily familiar" with this office's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier in the ordinary course of business.

[ ] PERSONAL SERVICE. I personally served the documents/envelope to the persons at the addresses listed above. Delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9:00 a.m. and 5:00 p.m.

[ ] ELECTRONIC SERVICE. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 26, 2012**, at Riverside, California.

*/s/ Pamela Perry*

PAMELA PERRY

## SERVICE LIST

**United States of America v. Harvey Duro Sr. et al**
**EDCV 07-1309-DTB**

Monica Miller
AUSA – Office of US Attorney (Civil Division)
300 North Los Angeles Street, Ste 7516
Los Angeles, CA 90012


J Scott Zundel
J Scott Zundel Law Offices
74-000 Country Club Dr, Suite C-4
Palm Desert, CA 92260


Harvey Duro, Sr.
74-000 Country Club Dr, Suite C-4
Palm Desert, CA 92260

Megan Beaman
California Rural Legal Assistance
511 D. Street
Marysville, CA 95901-2600


Chandra G. Spencer
Chandra Gehri Spencer Law Offices
445 South Figueroa St
Suite 2700
Los Angeles, CA 90071


Thomas J. Flynn
Duroville Receivership Organization Inc.
68-800 Pierce Street
Thermal, CA 92274

STIPULATION AND [PROPOSED] PROTECTIVE ORDER