DOUGLAS G. TENNANT, Bar No. 119133
MICHAEL D. TESTAN, Bar No. 271318
FRANKEL & TENNANT
PROFESSIONAL CORPORATION
895 Dove Street, Suite 119
Newport Beach, California  92660
dtennant@frankel-tennant.com
Telephone: (949) 222-3456
Facsimile: (949) 222-3453

Attorneys for Interested Party
CLEARINGHOUSE COMMUNITY
DEVELOPMENT FINANCIAL INSTITUTION

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  EDCV07-1309 |
| Plaintiff, | CLEARINGHOUSE COMMUNITY DEVELOPMENT FINANCIAL INSTITUTION'S REPLY RE: REPAYMENT OF THE CLEARINGHOUSE RECEIVERSHIP LOAN |
| v. | |
| HARVEY DURO, SR. and DESERT MOBILEHOME PARK, INC, a California corporation, | |
| Defendants. | The Honorable David T. Bristow |

CDFI's Reply

ORiGINAL DOCUMENT
PREPARED ON RECYCLED PAPER

FRANKEL & TENNANT PROFESSIONAL CORPORATION
895 Dove Street, Suite 119, Newport Beach, CA 92660
Tel: (949) 222-3456  Fax: (949) 222-3453

FRANKEL & TENNANT PROFESSIONAL CORPORATION
895 Dove Street, Suite 119, Newport Beach, CA 92660
Tel: (949) 222-3456  Fax: (949) 222-3453

## I.   INTRODUCTION.

Interested party Clearinghouse Community Development Financial Institution ("CDFI") respectfully submits this Reply in response to United States' Opposition to CDFI Request for Payment (hereinafter, the "Opposition") to Clearinghouse Community Development Financial Institution's Status Report re Payment of the Clearinghouse Receivership Loan (the "Motion") relating to the repayment of the Clearinghouse Receivership Loan.[1]  For the reasons set forth in the Motion and for the reasons set forth below, the Opposition should be overruled and the Motion granted.

## II.   ARGUMENT.

### A.   The Clearinghouse Receivership Loan Is A Receivership Expense.

The Clearinghouse Receivership Loan is a Court-approved receivership expense[2] and not a direct claim against the Duro Defendants or Plaintiff. The Clearinghouse Receivership Loan is an expense of the receivership litigation incurred in connection with this Court's exercise of the Court's equitable jurisdiction and equitable remedies. Jurisdiction lies in this Court, not in the Court of Federal Claims, to enter appropriate orders regarding repayment of this receivership expense to CDFI, as the Court previously did when fixing the allowed amount of the Clearinghouse Receivership Loan to be repaid, in finding the Duro Defendants liable, and in ordering Receiver Flynn to make monthly payments to CDFI from the Receivership Estate.

As stated in the Motion, the Clearinghouse Receivership Loan represents the portion of the loan that was actually paid to the Study Group (the loan principal was reduced to $168,345.56), and previously ordered to be repaid by Receiver Flynn with receivership estate funds through monthly principal and interest payments. See

---

[1] All capitalized terms not otherwise defined in this Reply shall have the meanings ascribed to them in the Motion.

[2] The Court has consistently validated the Clearinghouse Receivership Loan as a receivership expense and has determined the allowed amount of the Clearinghouse Receivership Loan as a receivership expense in Minute Order dated November 10, 2010, Docket # 282.

**CDFI's Reply**

ORIGINAL DOCUMENT
PREPARED ON RECYCLED PAPER

FRANKEL & TENNANT PROFESSIONAL CORPORATION
895 Dove Street, Suite 119, Newport Beach, CA 92660
Tel: (949) 222-3456 Fax: (949) 222-3453

1    Minute Order dated November 10, 2010, Docket # 282. To be clear, the
2    Clearinghouse Receivership Loan only represents the portion of the loan proceeds
3    that the Court previously found to have been used to fund the Study Group and its
4    activities. As such, there should be no dispute that the Clearinghouse Receivership
5    Loan is a receivership expense.  Plaintiff appears to admit this fact, stating in the
6    Opposition: "Hence, the United States characterizes the CDFI Loan (which funded
7    the Study Group personnel and perhaps its activities) **as a receivership expense**
8    and applies the receivership body of law to its analysis of CDFI's arguments
9    founded in equity." Opposition at pg. 8, lines 23-26 (emphasis added). Thus,
10   Plaintiff's arguments with respect to the Court of Federal Claims or seeking
11   repayment from Provisional Receiver Adams personally are without merit.

12        **B.**    **The Court Has Never Ruled That Plaintiff Is Not Liable For The**
13              **Clearinghouse Receivership Loan.**

14        "The law of the case doctrine is a judicial invention designed to aid in the
15   efficient operation of court affairs. Under the doctrine, a court is generally
16   precluded from reconsidering an issue previously decided by the same court, or a
17   higher court in the identical case. For the doctrine to apply, the issue in question
18   must have been decided explicitly or by necessary implication in [the] previous
19   disposition. Application of the doctrine is discretionary." United States v. Lummi
20   Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (internal citations and quotations
21   omitted).

22        In this case, the Court has never issued a ruling with respect to Plaintiff's
23   liability for the costs of the receivership, including the Clearinghouse Receivership
24   Loan. The Court previously found the Duro Defendants liable for the costs of the
25   Study Group. See Minute Order dated May 23, 2008, Docket #96. The Court
26   subsequently found that the Duro Defendants lacked the financial ability to pay off
27   the Clearinghouse Receivership Loan and ordered Receiver Flynn to commence
28   monthly payments to CDFI from receivership cash flow. The Court repeatedly

-3-

FRANKEL & TENNANT PROFESSIONAL CORPORATION
895 Dove Street, Suite 119, Newport Beach, CA 92660
Tel: (949) 222-3456 Fax: (949) 222-3453

1  reserved the question of repayment of the Clearinghouse Receivership Loan to the

2  end of the case, and never once intimated (let alone ruled) that Plaintiff was

3  absolved of any responsibility.[3]

4  **C.    The Appropriations Clause Does Not Forbid This Court From**

5  **Ordering Plaintiff To Pay The Clearinghouse Receivership Loan.**

6  Plaintiff argues that the Appropriations Clause prohibits the Court from

7  appointing a receiver and ordering Plaintiff to pay costs of the receivership, such as

8  the Clearinghouse Receivership Loan.  Plaintiff is wrong.

9  First, Plaintiff's citations to a few cases that discuss in general terms the

10  purpose of the Appropriations Clause and the notion that application of the

11  Appropriations Clause occasionally renders unjust results is unavailing.

12  Importantly, none of the cases cited by Plaintiff applied the Appropriations Clause

13  to the unique circumstances presently before the Court.  Indeed, the only reported

14  decision that addresses (albeit in dicta) the interplay between a District Court's

15  broad equitable power to appoint a receiver and to assess its costs against the

16  United States, and the limitations imposed by the Appropriations Clause, is the case

17  CDFI cited to in the Motion – Cobell v. Norton, 226 F. Supp.2d 1 (D.D.C. 2002)

18  vacated, 334 F.3d 1128 (D.C.Cir.2003) – in which the Cobell court determined that

19  the Appropriations Clause did **not** prohibit a District Court from appointing a

20  receiver because the order may require the United States to expend funds:

21  "In terms of the defendants' actual claim that the appointment

22  of a receiver itself would violate the Appropriations Clause,

23  they are incorrect. Nothing in such an order would contravene

24  that provision of the Constitution."

25

26

27  _____

[3] The Duro Defendants have not opposed the Motion, and CDFI therefore reasserts its request that the Court issue a
judgment in favor of CDFI and against the Duro Defendants for the outstanding balance of the Clearinghouse
28  Receivership Loan, in addition to finding Plaintiff jointly and severally liable, and ordering Plaintiff to pay off the
Clearinghouse Receivership Loan.

**CDFI's Reply**                                                    ORIGINAL DOCUMENT
PREPARED ON RECYCLED PAPER

FRANKEL & TENNANT PROFESSIONAL CORPORATION
895 Dove Street, Suite 119, Newport Beach, CA 92660
Tel: (949) 222-3456  Fax: (949) 222-3453

1  While the Cobell decision is not binding precedent, it is the only precedent and,
2  respectfully, CDFI strongly urges the Court to adopt its reasoning as it is legally
3  sound and consistent with established California and Federal case law which
4  provide that courts have broad discretion in allocating receivership costs and
5  expenses, and "may apportion them among the parties, depending upon
6  circumstances." Baldwin v. Baldwin, 82 Cal. App. 2d 851, 856 (1947).

7       Second, as discussed in the Motion, but not addressed by Plaintiff in the
8  Opposition, an order requiring Plaintiff to pay costs of the receivership is not an
9  award of money damages and therefore does not implicate the Appropriations
10  Clause. Bowen v. Massachusetts, 487 U.S. 879, 893, 108 S. Ct. 2722, 2732, 101 L.
11  Ed. 2d 749 (1988)("The fact that a judicial remedy may require one party to pay
12  money to another is not a sufficient reason to characterize the relief as 'money
13  damages'").

14       Third, Plaintiff has already been ordered to pay, and actually paid, some
15  receivership costs. See Plaintiff's Amended Brief Pursuant to 07/10/2013 Order
16  Regarding Cleanup and Future Use of Defendants' Property; see also Opposition at
17  pg. 13, lines 6-18. It is unclear why Plaintiff agreed to fund some receivership
18  expenses and seek reimbursement from the Duro Defendants, but not others.
19  Plaintiff also failed to address this argument in the Opposition.

20       Plaintiff has failed to present any legal precedent establishing that the
21  Appropriations Clause prohibits the Court from ordering Plaintiff to pay the
22  Clearinghouse Receivership Loan. Moreover, an order requiring Plaintiff to pay the
23  Clearinghouse Receivership Loan would be consistent with Plaintiff's history of
24  funding other receivership costs and seeking reimbursement from the Duro
25  Defendants.
26  ///
27  ///
28  ///

-5-

FRANKEL & TENNANT PROFESSIONAL CORPORATION
895 Dove Street, Suite 119, Newport Beach, CA 92660
Tel: (949) 222-3456 Fax: (949) 222-3453

**D.**   **Plaintiff's Purported "Opposition" To The Appointment Of The Study Group And The Appointment Of Receiver Flynn Is Not Dispositive.**

Plaintiff, in its Opposition, repeatedly asserts that it should not be liable for receivership expenses because it "opposed" the appointment of the Study Group and Receiver Flynn. Plaintiff's position is unpersuasive when viewed in light of the history and circumstances of this case and the Court's broad discretion to impose costs of a receivership on parties to the action.

First, as detailed in the Motion, it should be noted that Plaintiff voluntarily initiated this action and requested the Court to use its broad equitable powers to remedy the deplorable conditions that existed at the Park. Plaintiff had to be aware of the possibility that the Court would appoint a receiver when Plaintiff initiated this case, and that Plaintiff could be forced to fund the receivership deficit.

Second, if Plaintiff had truly opposed the appointment of the receiver and objected to the associated expenditures, Plaintiff could have: (1) appealed the Court's order appointing the Study Group; (2) appealed the Court's order appointing Receiver Flynn; or (3) voluntarily dismissed this case. Plaintiff did none of these. Instead, despite its "objection," Plaintiff invoked the powers and authority of this Court as a court of equity, consenting and submitting to the Court's exercise of its broad equitable jurisdiction. Instead of dismissing the action, Plaintiff took full advantage of the Court's exercise of its equitable powers to appoint the Study Group and Receiver Flynn, to manage the receivership, and to make numerous careful and deliberate orders. The Court's exercise of its broad equitable powers and the invocation of equitable remedies, designed to protect the innocent families resident in the Park and to balance the rights and responsibilities of the parties, ultimately resulted in the closure of the Park sought by Plaintiff.

Third, there is no rule that the Court may not tax the costs of a receivership against a party that "opposed" the appointment of the receiver.

-6-

1    Plaintiff could have put an end to this case at any point if it truly opposed the

2    appointment of the Study Group or the appointment of Receiver Flynn. The truth is

3    that Plaintiff needed and wanted this Court's intervention to remedy the illegal

4    operations and deplorable health and safety conditions at the Park; Plaintiff just

5    does not want to pay for the expenses of this litigation resulting from Plaintiff's

6    filing of this action and invocation of the Court's equitably jurisdiction.

7         **E.    The Balance of the Equities Lies in Favor of CDFI.**

8         Unlike Plaintiff, CDFI is an innocent non-party. CDFI did not initiate this

9    action and has no responsibility for "creating and operating [the] unlawful

10   residential and business operation." See Minute Order dated April 30, 2009, Docket

11   #226 at pg. 4-5. Rather, CDFI, consistent with its reputation as a financial

12   institution "dedicated to financing otherwise unbankable projects benefitting low-

13   income families and un[der]served communities,"[4] stepped in to provide critical

14   funding to the Study Group when other funding was unavailable. If the equities lie

15   with anyone, it must be CDFI.

16        Furthermore, contrary to statements in the Opposition, Plaintiff did receive a

17   direct benefit from the Clearinghouse Receivership Loan because <u>the Court relied</u>

18   <u>upon the Report and Recommendation of the Study Group in granting the</u>

19   <u>preliminary injunction in favor of Plaintiff</u>.   Minute Order dated May 1, 2008,

20   Docket #87 at pg. 2.

21        Lastly, CDFI wants to clarify that it takes no position with respect to the

22   ongoing litigation between Plaintiff and the Duro Defendants, and whether Plaintiff

23   or the Duro Defendants should bear the ultimate liability for the receivership deficit.

24   CDFI's sole concern is repayment of the Clearinghouse Receivership Loan.  To that

25   end, it is worth repeating that the Court previously found both Plaintiff and the

26   Duro Defendants responsible for creating the circumstances that gave rise to the

27

28

---

[4] <u>See</u> Minute Order dated February 11, 2008, Docket #59 at pg. 3.

**CDFI's Reply**                                                    ORIGINAL DOCUMENT
                                                          PREPARED ON RECYCLED PAPER

FRANKEL & TENNANT PROFESSIONAL CORPORATION
885 Dove Street, Suite 119, Newport Beach, CA 92660
Tel: (949) 222-3456 Fax: (949) 222-3453

FRANKEL & TENNANT PROFESSIONAL CORPORATION
895 Dove Street, Suite 119, Newport Beach, CA 92660
Tel: (949) 222-3456 Fax: (949) 222-3453

1  health and safety conditions at the Park, and the need for the appointment of the

2  Study Group and Receiver Flynn.  As such, as between CDFI, Plaintiff and the

3  Duro Defendants, CDFI should not be forced to bear the cost of the Clearinghouse

4  Receivership Loan.  Furthermore, it is respectfully submitted that due to the unique

5  facts and special circumstances of this case, including the Duro Defendants' lack of

6  funds and CDFI's difficulty in collecting a judgment against the Duro Defendants

7  relative to Plaintiff, the most practical and equitable solution is to require Plaintiff

8  to pay the Clearinghouse Receivership Loan now and permit Plaintiff leave to seek

9  to include the cost of the payoff of the Clearinghouse Receivership Loan in

10  Plaintiff's pending request for a money damages award against the Duro

11  Defendants.

## III.   **CONCLUSION.**

13  For the reasons set forth in the Motion and for the reasons set forth above,

14  CDFI respectfully requests the Court to exercise its broad equitable authority and

15  discretion and impose direct, joint liability for the Clearinghouse Receivership Loan

16  on Plaintiff and the Duro Defendants. Further, it is respectfully submitted that due

17  to the unique facts and special circumstances of this case, the most practical and

18  equitable solution is to require Plaintiff to pay the Clearinghouse Receivership Loan

19  now, but permit Plaintiff leave to seek to include the cost of the Clearinghouse

20  Receivership Loan in a money damages award against the Duro Defendants.

21  DATED:  June 16, 2014

FRANKEL & TENNANT
PROFESSIONAL CORPORATION

By: _____
DOUGLAS G. TENNANT
Attorneys for CLEARINGHOUSE COMMUNITY
DEVELOPMENT FINANCIAL INSTITUTION

-8-

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Michael D. Testan, hereby declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: Frankel & Tennant Professional Corporation, 895 Dove Street, Suite 119, Newport Beach CA 92660. I am employed in the office of a member of the bar of this court at whose direction the service was made. I have personal knowledge of the matters set forth herein, and, if necessary could and would testify competently thereto.

On June 16, 2014, I served the foregoing document described as **CLEARINGHOUSE COMMUNITY DEVELOPMENT FINANCIAL INSTITUTION'S REPLY RE: REPAYMENT OF THE CLEARINGHOUSE RECEIVERSHIP LOAN** on all interested parties in this action by placing true copies thereof in the U.S. Mail, enclosed in sealed envelopes, with postage thereon fully prepaid, addressed as stated on the attached mailing list:

**[SEE ATTACHED SERVICE LIST]**

I personally deposited such envelopes in the mail at Newport Beach, California. Each envelope was mailed to the addressees on the attached service list with postage thereon fully prepaid.

The foregoing document was also served via EMAIL on each of the following:

- Mark Adams madams@calreceivers.com,thuxtable@calreceivers.com
- Curtis Gene Berkey cberkey@berkeywilliams.com,mmorales@berkeywilliams.com
- Blaz Gutierrez , III bgutierrez@crla.org,crodriguez@crla.org,restrada@crla.org
- Ilene J Jacobs ijacobs@crla.org,bhughes@crla.org
- Jonathan B Klinck jon.klinck@usdoj.gov
- Michael Meuter mmeuter@crla.org
- Monica L Miller monica.miller@usdoj.gov,USACAC.civil@usdoj.gov,olivia.romero@usdoj.gov
- Chandra G Spencer cgs@cgslaw.com
- Douglas George Tennant dtennant@frankel-tennant.com
- Jennifer Cannon Terry terry.jennifer@arentfox.com,deanna.cabada@arentfox.com
- Scott Wayne Williams swilliams@abwwlaw.com
- Anita C Willis anitawillis@co.riverside.ca.us
- J Scott Zundel szundellaw@msn.com

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on June 16, 2014.

MICHAEL D. TESTAN

## SERVICE LIST
### United States of America v. Harvey Duro, et al.
### US District Court Central District of California
### Case No. EDCV07-1309 SGL (JCRx)

Jonathan B. Klinck, AUSA
Office of the United States Attorney
Civil Division
300 N Los Angeles Street Ste 7516
Los Angeles CA 90012

Thomas J. Flynn
Duroville Receivership Organization Inc.
68-800 Pierce Street
Thermal, CA 92274

J. Scott Zundel
74-000 Country Club Dr Ste C-4
Palm Desert CA 92260

Jose Luis Crisantos
6880 Highway 195
P.O. Box 198
Thermal, CA 92274