# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **EDCV 07-1309-DTB**                    Date: **September 29, 2014**

Title:  **United States of America v. Harvey Duro, Sr., et al.**

## DOCKET ENTRY

PRESENT:

### HON. <u>DAVID T. BRISTOW</u>, UNITED STATES MAGISTRATE JUDGE

|  |  |
|---|---|
| D. Castellanos | n/a |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
     None present                                    None present

## PROCEEDINGS:  (IN CHAMBERS)

On February 28, 2014, Clearinghouse Community Development Financial Institution ("CDFI") filed a "Status Report Re Payment of the Clearinghouse Receivership Loan" ("Request") [Dkt. # 469], wherein CDFI requests the Court to: (1) Hold plaintiff and defendants liable for payment of the CDFI loan; (2) reaffirm its prior finding that defendants are liable for the loan and issue a judgment against defendants in favor of CDFI for the outstanding balance of the loan; and (3) require plaintiff to pay the loan and permit plaintiff leave to include the cost of the payoff of the loan in its request for money damages.  On May 16, 2014, plaintiff filed an Opposition to the Request, and on June 16, 2014, CDFI filed a Reply thereto.  A hearing was held on the matter on September 18, 2014, at which all parties were provided an opportunity to argue their respective positions.  For the reasons discussed below, the Court GRANTS in part and DENIES in part CDFI's Request.

## PROCEDURAL HISTORY

On October 9, 2007, plaintiff filed this action against Harvey Duro, Sr. ("Duro") and Desert Mobilehome Park, Inc. (collectively, "defendants") seeking injunctive relief and compensatory damages based on defendants' failure to obtain a loan and correct health and environmental problems associated with a mobile home park, commonly referred to as "Duroville," being operated on Duro's allotment on the Reservation of the Torres Martinez Desert Cahuilla Indian Tribe.  On November 2, 2007, plaintiff filed a Motion for Preliminary Injunction, asserting that Duroville posed grave risk to the health and safety of the residents.  (<u>See</u> Dkt. Nos. 4, 38.)  On December 10, 2007,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.: EDCV 07-1309-DTB                                      **September 29, 2014**
        **United States of America v. Harvey Duro, Sr., et al.**                          **Page 2**

-------------------------------------------------------------------------------------------------------------

various Duroville residents moved to intervene in the action, which was granted.  On
January 25, 2008, the intervenors filed a brief in support of injunctive relief and for the
appointment of a receiver.

        After the previously-assigned District Judge personally inspected Duroville on
December 20, 2007, the Court found that Duroville was being operated in an illegal,
unsafe, and unhealthy manner and that continued operation in its present state
constituted an immediate risk to the health and safety of the residents.  (Dkt. No. 59.)
 On February 11, 2008, the Court appointed two Special Masters and a Provisional
Receiver to act as a three-person study group ("Study Group") tasked with, *inter alia*,
meeting with the parties and other interested constituencies to explore options for
addressing the concerns raised by the Motion for Preliminary Injunction and to prepare
a report and recommendation of their findings.  (Id.)  The Court further ordered that the
Study Group be paid their costs and reasonable fees for their services.  (Id. at 3.)  The
Provisional Receiver, Mark Adams ("Adams"), obtained a $220,000.00 line of credit
from CDFI, secured personally by Adams, to pay for the Court-appointed Study Group.
(Id. at 3; Dkt. No. 226 at 12.)[1]

        The Court also held that defendants were responsible for the costs and fees of the
Study Group.  The Court clarified at a hearing on February 11, 2008 that defendants
were responsible for the costs and fees of the Study Group.  (Dkt. No. 96 at 1.)  On May
1, 2008, the Court ordered defendants to provide proof of payment of the outstanding
obligations to the Study Group by July 1, 2008.  (Dkt. No. 87 at 3-4.)  On May 23, 2008,
the Court ordered defendants, jointly and severally, to pay the Study Group in the
amount of $220,000.00.  (Dkt. No. 96 at 2.)  Following the trial in this action in April
2009, the Court reiterated defendants' obligation to pay for the Court-appointed Study
Group in its Findings of Fact and Conclusions of Law.  (Dkt. No. 226 at 12.)  In the
same order, the Court also acknowledged that, Duro was presently unable to pay the
principal on the CDFI line of credit, and therefore, ordered interest on the loan,
approximately $1,600.00 per month, to be paid from the rent proceeds collected at

---

        [1]        Adams initially secured a $150,000.00 line of credit, and then secured
an additional $70,000.00 line of credit on June 18, 2008.  (Dkt. Nos. 59, 239.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.: EDCV 07-1309-DTB                              **September 29, 2014**
   **United States of America v. Harvey Duro, Sr., et al.**                         **Page 3**

-----------------------------------------------------------------------------------------------------------------

Duroville.  (Id.)  The Court afforded leave to any party of record to object to that portion of its Order within ten days of entry of the Order.  (Id.)  Only the Intervenors objected to that part of the Order.

On June 15, 2009, CDFI filed a declaration, requesting repayment of $219,417.00, the amount advanced by CDFI, together with 8.5% interest at a fixed rate.  (Dkt. No. 239.)  On October 1, 2009, the Court ordered the Receiver, Thomas J. Flynn, to meet and confer with representatives of CDFI to attempt to arrive at a compromise solution regarding the outstanding loan.  (Dkt. No. 248.)

On August 9, 2010, CDFI filed a Motion for Order Increasing Payments to Clearinghouse Community Development Financial Institution from Certain Proceeds from the Receivership of Desert Mobilehome Park, Inc. ("Motion for Increased Payments"), wherein CDFI requested an order increasing payments from the Receiver to pay down the principal on the loan and decreasing Duro's monthly stipend.  CDFI did not seek payment from plaintiff.  (Dkt. No. 264.)  The Motion for Increased Payments was granted in part and denied in part.  The Court modified the principal amount of the loan to $168,345.56 based on the amount of the loan that was actually paid to the Study Group.  (Dkt. No. 282 at 4.)  The Court ordered the Receiver to pay CDFI an additional sum of $1,000.00 per month towards the modified principal amount, in addition to a monthly $1,200.00 interest payment, for a gross monthly sum of $2,200.00.  (Id.)  The Court denied the request to decrease Duro's monthly stipend.

Thereafter, CDFI submitted status reports along with the other parties and requested that Duro's stipend be reduced or eliminated.  (See, e.g., Dkt. Nos. 300, 311.)  CDFI alleges that it last received a payment from the Receiver on December 9, 2012.  (Motion at 5.)

### DISCUSSION

Initially, the Court notes that CDFI has not specified the procedural vehicle by which it is attempting to hold plaintiff liable for the costs of the CDFI loan.  As best the Court can glean, CDFI is essentially seeking to amend or modify the Court's prior orders finding defendants liable for the costs and fees of the Study Group.  The Court has no basis for doing so, and as such, CDFI's Request is DENIED.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.: EDCV 07-1309-DTB                                    **September 29, 2014**
    **United States of America v. Harvey Duro, Sr., et al.**                    **Page 4**

-------------------------------------------------------------------------------------------------------------------

     Under Fed. R. Civ. P. 60, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding.   Although Rule 60 appears to be inapplicable since CDFI is neither a party to the action nor a party's legal representative, even if Rule 60 was applicable, CDFI has failed to make the necessary showing warranting a modification or amendment to the Court's earlier orders.   The only arguable ground for relief would be under the catchall provision of Rule 60(b)(6), which authorizes relief for "any other reason that justifies relief" not already specified in Rule 60(b)(1)-(5).  Rule 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest injustice," In re Int'l Fibercom, Inc., 503 F.3d 933, 941 (9th Cir. 2007) (internal quotation marks and citation omitted), and "utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. State of Wash., 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks and citation omitted).  Here, CDFI has not demonstrated such extraordinary circumstances.

     As explained, CDFI extended the line of credit in 2008 without any expectation that plaintiff would be responsible for the loan and the fact that the underlying real property (Duro's allotment) was not pledged as security for the loan was (or should have been) known to CDFI at the time it extended the line of credit to Adams.  Since that time, the Court has repeatedly held that defendants are responsible for repayment of the CDFI loan.  On April 30, 2009, the Court reaffirmed that defendants were required to pay for the Study Group.  The Court also expressly considered defendants' inability to pay at that time, and as such, ordered that approximately $1,600.00 per month be paid from the rent proceeds.  The Court later increased this amount to $2,200.00.  However, nothing in the Court's orders reflected that plaintiff would be liable if either defendants were unable to pay or the receivership lacked sufficient funds.  Further, the Court notes that the CDFI loan was personally guaranteed by Adams, and CDFI has made no showing that it has attempted to recover payment from Adams.  Finally, while plaintiff brought an equitable claim in this action, it was the Intervenors who sought the receivership.  Plaintiff neither requested the receivership nor benefitted from it.  As such, the Court finds that equitable considerations do not favor holding plaintiff liable. Under the circumstances, the Court finds that CDFI's Request, which is being made

MINUTES FORM 11                                          Initials of Deputy Clerk DC
CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.: EDCV 07-1309-DTB                              **September 29, 2014**
    **United States of America v. Harvey Duro, Sr., et al.**                    **Page 5**

--------------------------------------------------------------------------------------------------------------------

approximately six years after the loan was made and over five years since Judge Larson's April 30, 2009 Order reaffirming that defendants were liable for such loan, is both untimely and would substantially prejudice plaintiff.

    Accordingly, CDFI's Request to hold plaintiff liable for the loan is DENIED.  To the extent CDFI requests that the Court reaffirm it prior finding that defendants are liable for the loan, that request is GRANTED.  The Court reaffirms that defendants are liable for the CDFI loan and are ORDERED to pay the outstanding balance of $155,530.87.[2]

---

    [2]    Additionally, CDFI may have a claim against Adams for personally guaranteeing the loan.  However, that issue is not before the Court.  Further, to the extent CDFI is requesting a reformation of the loan, that request is denied.  CDFI is not a party to this action and there is no claim related to the CDFI loan.