JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HARVEY DURO, SR., et al.,<br><br>　　　　Defendants. | Case No. EDCV 07-01309-DTB<br><br>FINAL JUDGMENT |

On October 9, 2007, plaintiff, United States of America, filed this action against defendants Harvey Duro, Sr. ("Duro") and Desert Mobilehome Park, Inc. (collectively, "defendants") seeking injunctive relief and compensatory damages based on defendants' failure to obtain a lease approved by the Bureau of Indian Affairs ("BIA") and their failure to correct health and environmental problems associated with the business operations on Duro's allotment of the Torres Martinez Indian Reservation. On April 1, 2009, the Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment. (Dkt. No. 195.) Subsequently, the Court presided over a bench trial and issued its Findings of Fact and Conclusions of Law; Order Re Remedies after Bench Trial on April 30, 2009. (Dkt. No. 226.) The Court held, *inter alia*, that as a matter of law, the creation and operation of the mobile home park "was accomplished and sustained in violation of federal law requiring a lease approved by the Secretary of the Interior." Duro's

failure to obtain a lease violated the requirements of 25 U.S.C. § 415. (Id. at 3.) The Court also concluded that, while Duro was "primarily responsible for creating and operating this unlawful residential and business operation, the BIA share[d] in the responsibility." (Id. at 4.) The Court additionally found that the evidence at trial indicated that Duro did not have the financial ability to restore the mobile home park to the pre-park condition and the Court had no confidence that he would do so in a safe manner. (Id. at 7.) Further, the Court concluded that immediate closure of the mobile home park "would create an unacceptable humanitarian crisis for thousands of people." (Id. at 8.) The Court exercised its equitable power to appoint a Receiver to administer and manage the mobile home park and determined that an award of money damages was premature at that time. (Id. at 7, 9.) On May 13, 2013, the Court ordered all remaining residents to vacate the mobile home park by June 30, 2013 and the receivership terminated on July 1, 2013. (Dkt. Nos. 414, 442.)

Thereafter, on September 29, 2014, the Court issued its Order Re: Plaintiff's Request for Damages, ordering defendants to reimburse plaintiff $16,970.00 for receivership costs and $175,868.78 for remediation costs, as modified by the Court. (Dkt. No. 522.) On the same day, the Court issued its Order Re: Clearinghouse Community Development Financial Institution ("CDFI") ordering defendants to pay $155,530.87 to CDFI for the outstanding balance on the loan obtained by the provisional receiver to pay for the Court-appointed study group in 2008. (Dkt. No. 523.) Based on the above-referenced orders, IT IS ORDERED, ADJUDGED, AND DECREED that:

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1. Defendants shall jointly and severally pay to plaintiff the sum of $192,838.78, together with post-judgment interest at the legal rate.

2. Defendants shall jointly and severally pay to CDFI the sum of $155,530.87, together with post-judgment interest at the legal rate.

3. The parties are to bear their own fees and costs.

DATED: May 16, 2016

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE